B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Avastra Sleep Centres Limited (In Liquidation)** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**FKA Avastra Ltd.; FKA Astravia Ltd.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**Level 8, 26 Flinders Street**<br>**Adelaide SA 5000 Australia**<br><div align="right">ZIP Code</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
■ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

■ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Avastra Sleep Centres Limited (In Liquidation)** |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location <br> Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location <br> Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> **X** _____ <br> Signature of Attorney for Debtor(s)            (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☐  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

## Voluntary Petition

*(This page must be completed and filed in every case)*

| Name of Debtor(s): |
|---|
| **Avastra Sleep Centres Limited (In Liquidation)** |

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

#### Signature of Attorney*

**X** **/s/ James S. Monroe**
Signature of Attorney for Debtor(s)

**James S. Monroe  -(State Bar #102328)**
Printed Name of Attorney for Debtor(s)

**Monroe Law Group**
Firm Name
**101 California Street**
**Suite 2450**
**San Francisco, CA 94111**

_____
Address

**Email: jim@monroe-law.com**
**(415) 869-1575  Fax: (415) 723-7423**
Telephone Number

**June  5, 2011**                    **-(State Bar #102328)**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

■ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** **/s/ John Sheahan**
Signature of Foreign Representative

**John Sheahan**
Printed Name of Foreign Representative

**June  5, 2011**
Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| James S. Monroe (SBN 102328)<br>Monroe Law Group, 101 California St., Ste. 2450, San Francisco, CA 94111<br>Tel: (415) 869-1575; Fax: (415) 723-7423<br><br>☒ *Attorney for:* John Sheahan & Ian Russell Lock, Liquidators | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| In re: AVASTRA SLEEP CENTRES LIMITED<br>          (A.C.N. 094 446 803) (In Liquidation)<br><br>                                                          Debtor(s). | CASE NO.:<br><br>CHAPTER: 15<br><br>ADV. NO.: |
|---|---|

<div align="center">

**ELECTRONIC FILING DECLARATION**
**(INDIVIDUAL)**

</div>

☒  Petition, statement of affairs, schedules or lists          Date Filed: June 9, 2011
☐  Amendments to the petition, statement of affairs, schedules or lists          Date Filed: _____
☐  Other: _____          Date Filed: _____

**PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY**

   I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that:  (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.  If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_____          June 6, 2011
*Signature of Signing Party*                                   Date

John Sheahan
*Printed Name of Signing Party*


_____          _____
*Signature of Joint Debtor (if applicable)*                    Date


_____
*Printed Name of Joint Debtor (if applicable)*

**PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY**

   I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that:  (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties.  If the Filed Document is a petition, I further declare under penalty of perjury that:  (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_____          June 7, 2011
*Signature of Attorney for Signing Party*                      Date

James S. Monroe
*Printed Name of Attorney for Signing Party*

<div align="center">

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

</div>

*November 2006*

James S. Monroe (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423
Email: jim@monroe-law.com

Attorneys for JOHN SHEAHAN AND IAN RUSSELL LOCK,
as Joint and Several Liquidators of
AVASTRA SLEEP CENTRES LIMITED (A.C.N. 094 446 803) (In Liquidation)

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. |
| AVASTRA SLEEP CENTRES LIMITED (A.C.N. 094 446 803) (In Liquidation), | Chapter 15 |
| Debtor in a Foreign Proceeding. | |

**ATTACHMENTS TO PETITION**

1.     A certified copy of the Debtor's Certificate of Registration from the Australian Securities and Investments Commission ("ASIC") is attached hereto as Exhibit A.

2.     A certified copy of the Instrument of Appointment of Ian Lock and John Sheahan as Administrators for the Debtor, dated August 3, 2009, is attached hereto as Exhibit B.

3.     A certified copy of the minutes of the meeting of creditors at which Ian Lock and John Sheahan, Joint Administrators, were appointed as Joint and Several Liquidators of the Debtor (the "Liquidators"), is attached hereto as Exhibit C.

4.     A certified copy of ASIC Form 505 – Notification of Appointment of an External administrator – confirming the appointment of the Liquidators is attached hereto as Exhibit D.

# EXHIBIT A

*[signature]*

SHEAHAN LOCK PARTNERS
GPO BOX 1173
ADELAIDE SA 5001

Benjamin Robert Williams
A Commissioner for taking Affidavits in the
Supreme Court of South Australia

# Certificate of the Registration of a Company

Corporations Act 2001 Paragraph 1274 (2) (b)

This is to certify that

**ASTRAVIA LTD**

**Australian Company Number 094 446 803**

is a registered company under the Corporations Act 2001
and is taken to be registered in New South Wales.

On the fourth day of November 2003 the company changed its name to
**AVASTRA LTD**

On the fourth day of December 2007 the company changed its name to
**AVASTRA SLEEP CENTRES LIMITED**

The company is **limited by shares.**

The company is a **public** company.

The day of commencement of registration is
**the twelfth day of September 2000.**

Issued by the
Australian Securities and Investments Commission
on this twelfth day of April, 2011.

*[signature]*

---------------------------------------------------------------
A delegate of the Australian Securities and Investments Commission

# EXHIBIT B

*Sheahan* 11/4/11
Phoebe Jane Donaldson Sheahan
Commissioner for taking Affidavits
the Supreme Court of South Australia

**AVASTRA SLEEP CENTRES LTD**
**Australian Company Number 094 446 803**

## INSTRUMENT OF APPOINTMENT OF ADMINISTRATORS

In accordance with a resolution of the directors of Avastra Sleep Centres Ltd ("the company"), passed at a meeting of the directors duly convened and held at Hyatt Hotel, Irvine California, USA on 3 August 2009, the company hereby appoints **JOHN SHEAHAN** and **IAN RUSSELL LOCK** of Sheahan Lock Partners, Level 2, 234 George Street, Sydney, NSW, 2000 to be the company's joint and several Administrators pursuant to section 436A of the *Corporations Act* 2001.

Dated this 3rd day of August 2009.

..........................................
Director

..........................................
Director

..........................................
Director

ADMIN/71412

# EXHIBIT C

**Australian Securities &**
**Investments Commission**

*Sheahan* 11/4/11

Phoebe Jane Donaldson Sheahan
*A Commissioner for taking Affidavits*
*in the Supreme Court of South Australia*

| Electronic Lodgement |
| :---: |
| Document No. 7E2430565 |
| Lodgement date/time: 15-09-2009 12:29:58 |
| Reference Id: 79033856 |

**Form 5011**
Corporations Act 2001
s436E, 439A
Corporations Regulations 2001
5.6.11.(2), 5.6.27

# Copy of minutes of meeting

## Liquidator details

Registered liquidator number
**5735**
Registered liquidator name
**JOHN SHEAHAN**

## Company details

Company name
**AVASTRA SLEEP CENTRES LIMITED**
**094 446 803**

## Section under which minutes are lodged

Date of meeting
**04-09-2009**

Are the minutes being lodged for a meeting convened under s436E, or
s439A of the Corporations Act 2001?
**Yes**

## Certification

I certify that the attached minutes of meeting are a true copy of the original
minutes of meeting signed by the chair of the meeting as identified in the
minutes.
**Yes**

## Authentication

This form has been authenticated by
Name          JOHN SHEAHAN
This form has been submitted by
Name          Michael Kenneth John NELSON
Date          15-09-2009

**For help or more information**
Telephone    1300 300 630

Exhibit C, Page 11

Form 5011 - Copy of minutes of meeting
Liquidator: 5735 - JOHN SHEAHAN

Email     info.enquiries@asic.gov.au
Web       www.asic.gov.au

**MINUTES OF A MEETING OF CREDITORS HELD AT SHEAHAN LOCK PARTNERS,
LEVEL 2, 234 GEORGE STREET, SYDNEY, NEW SOUTH WALES ON FRIDAY,
4 SEPTEMBER 2009 AT 9.30 AM (LOCAL TIME) AND CONCURRENTLY AT THE HYATT
REGENCY IRVINE, 17900 JAMBOREE ROAD, IRVINE, CALIFORNIA, USA 92614 ON
THURSDAY, 3 SEPTEMBER 2009 AT 4.30PM (LOCAL TIME).**

## AVASTRA SLEEP CENTRES LTD (ADMINISTRATORS APPOINTED)
### Australian Company Number:  094 446 803

IN ATTENDANCE:

| NAME OF CREDITOR | NAME OF PROXY OR ATTORNEY | SIGNATURE | VALUE OF CREDITOR'S CLAIM | ADMITTED TO VOTE A$ |
|---|---|---|---|---|
| FNQ Nominees Pty Ltd | John Bell-Allen | | $347,287.50 | $347,287.50 |
| Bruce Hatchman | Geoff Garside | | $10,500.00 | $10,500.00 |
| Aus-Care Holdings Pty Ltd | John Bell-Allen | | $1,900,000.00 | $1,900,000.00 |
| James Klingler | In person | | $15,000.00 | $15,000.00 |
| Pacific Sleep Medicine Services Inc | Dr Milton Erman | | US$6,399,062.00 | $7,435,582.15 |
| Sleepwell Partners | Brandon Slavik | | US$65,000.00 | $75,528.70 |
| California Sleep Solutions | Wade Williams | | US$1,238,882.00 | $1,439,556.10 |
| Geoff Garside | In person | | $12,000.00 | $12,000.00 |
| Dr Milton Erman | In person | | $75,000.00 | $75,000.00 |
| Dr Stuart Menn | Dr Milton Erman | | $15,000.00 | $15,000.00 |
| Dr Daniel Rifkin | Dr Milton Erman | | US$6,500,000.00 | $7,552,870.00 |
| WHK Horwath Brisbane | James Klingler | | $47,575.00 | $47,575.00 |
| WHK Horwath | James Klingler | | $18,003.70 | $18,003.70 |
| Colorado Investments Pty Ltd | Paul Ralph | | $3,300.00 | $3,300.00 |

Also present:

John Sheahan                               Joint Administrator
Ian Lock (in Sydney, by telephone)          Joint Administrator
Paul Dugan                                  DMAW, Administrators' solicitors
Yury Furman
Ken Cooper

AVAS01/71755

2

| | |
|---|---|
| CHAIRMAN: | Mr Sheahan (in California) introduced himself and Ian Lock (in Sydney) as the joint administrators of the company. Mr Sheahan advised that he would chair the meeting, pursuant to Regulation 5.6.17 of the *Corporations Regulations*. |
| MEETING OPENED: | The chairman declared the meeting open at 9.30 am (Australian Eastern Standard Time) and 4.30 pm (Pacific Daylight Time). |
| TIME AND PLACE OF MEETING: | The chairman invited the creditors to propose a resolution that, pursuant to Regulation 5.6.14 of the *Corporations Regulations*, the meeting was being held at a date, time and place convenient to the majority of persons entitled to receive notice of the meeting.<br><br>Proposed: John Bell-Allen<br><br>The chairman called for a show of hands and then declared the resolution carried unanimously on the voices. |
| QUORUM: | The chairman read out the attendance register and the sum for which each creditor was admitted for voting purposes.<br><br>The chairman declared that there was a quorum of creditors present for the purposes of Regulation 5.6.16 of the Corporations Regulations. |
| DOCUMENTS TABLED: | The chairman tabled the following documents:<br><br>• Notice of meeting<br>• All proofs of debt and proxies received by the administrator<br>• Administrators' report to creditors<br>• Administrators' statement of opinion<br>• The administrators' detailed work-in-progress ledger for the period from 4 August 2009 to 25 August 2009<br>• The administrators' detailed work-in-progress ledger for the period from 26 August 2009 to 31 August 2009<br>• Legal fee accounts received to date<br>• Attendance record<br>• Correspondence re interest in ASX shell |
| DISCUSSION: | The chairman referred to the report to creditors and provided a detailed account of the actions of the |

AVAS01/71755

Exhibit C, Page 14

3

administrators to date, including the current status of
negotiations in respect of Avastra USA Inc selling its
sleep centres.

John Bell-Allen noted that in his view the sales
negotiated to date were reasonable and in line with
previous offers received by the company and its
subsidiary prior to the appointment of administrators.

The chairman provided a summary of the security held
by the secured creditor and noted the discrepancy
between this and the security that the secured creditor
had previously advised that it had. The chairman then
provided a detailed account of communications
between Graymark, John Bell-Allen and the
administrators. John Bell-Allen noted, in this regard,
that his correspondence, in which he had made
demand for a pay-out premium in order to condone or
allow any deal, had been written on his then
understanding of the security held, which
understanding he now acknowledged was incorrect.

The chairman provided an account of the events
leading up to the sale of the Somni entities, and noted
the administrators' thanks to Jim Klingler and his staff
for the work done by them in assisting with the related
due diligence for both Somni and AESC.

The chairman invited Geoff Garside to address the
meeting in relation to the urgency which attached to
the sale of the Somni entities and the security enjoyed
by the vendors of both Somni and AESC.

Geoff Garside advised that in relation to Somni, the
original contract was amended in October 2008
because the company had been unable to meet its earn-
out obligations and the original contract had therefore
been renegotiated, giving the original vendor security
over the somni entities in the event that the
renegotiated payments were not met. In relation to
AESC, Geoff Garside advised that the original
contract gave the vendor an option to buy back the
centre in the event of any default in making payments
when due.

The chairman provided a brief explanation of the
reasons for the cancellation of the EGM.

AVAS01/71755

4

The chairman led a discussion in relation to the extent
of interest by third parties in the remaining assets of
the company's subsidiary, Avastra USA Inc.

The chairman referred to a recent notice provided by
PSMS Inc to Avastra USA Inc giving notice of
termination of the management contract, and noted
that subsequent communications had confirmed that
such notice had been given simply to protect PSMS
Inc's legal position.

The chairman invited Geoff Garside to provide a brief
summary of the current status of the proposed sale of
SMIM's assets to Swedish Hospital. Geoff Garside
confirmed that a sale had been agreed and provided a
summary of the principal terms thereof.

The chairman referred to an invoice submitted by
Aus-Care Medical Corporation, a company controlled
by John Bell-Allen, to Avastra USA Inc in the sum of
USD437,000 and read out the response of Avastra
Sleep Centre Ltd's and Avastra USA Inc's directors.

The chairman invited John Bell-Allen to address the
meeting in relation to that invoice, and John Bell-
Allen advised that he had provided significant
consultancy and direction to the company, which had
kept the company going.

The chairman then noted that at a meeting he'd had
with John Bell-Allen earlier in the day, John Bell-
Allen had proposed that his invoice to Avastra USA
Inc be withdrawn and that a fresh invoice, in the sum
of half of the original invoice, be submitted in the
administration of Avastra Sleep Centres Ltd and
admitted in full, otherwise he would seek injunctive
relief against Avastra USA Inc, preventing it from any
further asset sales.

The chairman noted that his legal advice was that such
a proposal was inappropriate and that unless there was
a contractual obligation to make a payment to John
Bell-Allen's company then any claim, if submitted,
should be rejected. A discussion amongst the creditors
confirmed that no-one was in favour of John Bell-
Allen receiving any payment over and above his or his
company's actual entitlement as a secured creditor.
Geoff Garside noted that there was no consultancy
agreement with John Bell-Allen but the company's
directors considered that he had contributed

AVAS01/71755

5

significantly to the company, in driving cost savings and providing direction where needed.

The chairman discussed some other general matters and then advised that before discussing the fate of the company, he would like to deal with professional fees.

**LEGAL FEES:**

The chairman noted that although technically creditor approval was probably not required, the administrators were keen to keep creditors fully informed of all costs and it was their practice to table legal fee accounts whenever practicable and to seek related creditor approval for same.

The chairman tabled the following fee accounts, primarily relating to the Somni sale, and invited a resolution that these fee accounts be approved for payment:
- Hartzog Conger Cason & Neville USD28,278.70;
- DMAW Lawyers $103,120.24 plus $10,233.53 GST;
- R.J. Whitington QC – $5,200 plus $520.00 GST;
- T.P. Duggan $8,400.00 plus $840.00 GST

Proposed: Dr Milton Erman

The chairman called for a show of hands and then declared the resolution carried unanimously on the voices.

**ADMINISTRATOR'S FEES:**

The chairman referred to the report to creditors and confirmed that the administrators were seeking approval for their fees (as administrator, deed administrator or liquidator) to be calculated at the rates as appended to that report.

The chairman referred to the report to creditors and invited creditors to propose a resolution that the administrators' fees be approved for the period from 4 August 2009 to 25 August 2009 in the amount of $174,639.61 plus GST.

Proposed: Paul Ralph

The chairman called for a show of hands and then declared the resolution carried unanimously on the voices.

The chairman referred to the detailed work in progress ledger for the period from 26 August 2009 to

6

31 August 2009 showing total outstanding fees and
disbursements of $62,577.08 and $2,013.10
respectively, plus GST, noting that there were still
some disbursements which had not yet been brought to
account. The chairman invited the creditors to propose
that the administrators' fees and disbursements for the
period from 26 August 2009 to 31 August 2009 be
approved in the sums of $62,577.08 and $2,013.10
respectively, plus GST.

Proposed: Paul Ralph

The chairman called for a show of hands and then
declared the resolution carried unanimously on the
voices.

ALTERNATIVE COURSES
OF ACTION:

The chairman confirmed to those present that the three
options available to creditors were that:

- the company be returned to the control of its
  director;
- the company execute a deed of company
  arrangement; or
- the company be placed into liquidation.

The chairman also noted that the creditors could, if
they so wished, adjourn the meeting for a period of up
to 45 business days.

The chairman noted that the company was insolvent
and no proposal for a deed of company arrangement
had been received.

The chairman read out two letters which had been
received indicating that the authors (apparently)
wished to propose a deed of company arrangement.

Paul Ralph addressed the meeting, advising that he
wished the meeting to be adjourned for a period of 45
business days in order to put forward a proposal for a
deed of company arrangement.

The chairman led a discussion as to the merits or
otherwise of the meeting being adjourned to allow a
deed to be proposed.
The chairman noted that there was a proposal that the
meeting be adjourned for a period of 45 business days.

Proposed: Paul Ralph

AVAS01/71755

The chairman called for a show of hands and then declared the resolution not carried, noting that only Paul Ralph had voted in favour and everyone else had voted against the resolution.

Accordingly, the chairman invited creditors to propose a motion that the company be placed into liquidation.

Proposed: Dr Milton Erman

The chairman called for a show of hands and declared the resolution carried on the voices, noting that everyone had voted in favour except Paul Ralph and John Bell-Allen who had voted against.

COMMITTEE OF INSPECTION:    The chairman briefly described the functions of a committee of inspection, noting that it is a representative body of creditors which has defined powers pursuant to the Act. Its primary function is to assist the liquidator in carrying out his statutory duties. Membership of the committee is not an onerous burden and usually involves a one to two hour meeting approximately every four months. Membership of the committee also represents the best way for creditors to be kept informed of the progress of the administration of the company.

The chairman noted that a committee, if elected, must comprise a minimum of 2 people and that, although no maximum is specified by the Act, ordinarily a committee does not contain more than 5 people, and can be constituted by any members or creditors.

The chairman invited nominations to form a committee. No such nominations were made.

CLOSURE:    After ascertaining that there were no further questions, the chairman declared the meeting closed at 12.30 pm (Australian Eastern Standard Time) and 7.30 pm (Pacific Daylight Time).

Signed as a true record.

DATED this 1 5 day of September 2009.


JOHN SHEAHAN
Chairman

AVAS01/71755

# EXHIBIT D

*Sheahan* 11/4/11
Phoebe Jane Donaldson Sheahan
*A Commissioner for taking Affidavits*
*in the Supreme Court of South Australia*

Electronic Lodgement
Document No. 7E2417785
Lodgement date/time: 08-09-2009 17:09:26
Reference Id: 78988467



Australian Securities and Investments Commission

form **505**

**External Administration**
**Appointment of an external administrator**

Corporations Act 2001
**415 (1), 427 (2), 427
(4), 450A (1)(a),
499 (2C)(a) & (b), 537
(1) & (2),**
Corporations Regulations
2001
5.3A.03

## Liquidator details

| | |
|---|---|
| Liquidator number | **5735** |
| Given names | **JOHN** |
| Family name | **SHEAHAN** |

## Company details

| | |
|---|---|
| ACN | **094 446 803** |
| Company name | **AVASTRA SLEEP CENTRES LIMITED** |

## Confirm/change an existing appointment:

Appointee details

| | |
|---|---|
| Role description | **Appointed Liquidator(CVWU)** |
| Person Name | **JOHN SHEAHAN** |
| Address | **LEVEL 2 234-242 GEORGE STREET SYDNEY NSW 2000 Australia** |
| Appointment Date | **04-09-2009** |

Appointee details

| | |
|---|---|
| Role description | **Appointed Liquidator(CVWU)** |
| Person Name | **IAN RUSSELL LOCK** |
| Address | **LEVEL 8 26 FLINDERS STREET ADELAIDE SA 5000 Australia** |
| Appointment Date | |

Form 505 - Appointment as an external administrator
Liquidator: 5735 - JOHN SHEAHAN

### 04-09-2009

## Authentication

This form has been authenticated by

Name          JOHN SHEAHAN

This form has been submitted by

Name          Nick FRYER

Date          08-09-2009

## Payment
You need to pay the fee (and any late fees if
required) by Bpay or cheque in accordance
with the instructions on your invoice

**For help or more information**
Telephone   1300 300 630
Email       info.enquiries@asic.gov.au
Web         www.asic.gov.au

ASIC Form 505 Ref 78988467 08/09/2009

Exhibit D, Page 22