James S. Monroe (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423
Email: jim@monroe-law.com

Attorneys for JOHN SHEAHAN AND IAN RUSSELL LOCK,
as Joint and Several Liquidators of
AVASTRA SLEEP CENTRES LIMITED (A.C.N. 094 446 803) (In Liquidation)

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>AVASTRA SLEEP CENTRES LIMITED<br>(A.C.N. 094 446 803) (In Liquidation),<br><br>Debtor in a Foreign Proceeding. | Case No. 8:11-bk-18194<br><br>Chapter 15<br><br>**DECLARATION OF JOHN SHEAHAN<br>IN SUPPORT OF VERIFIED PETITION** |

I, John Sheahan, hereby declare as follows:

1.     In my capacity as joint and several liquidator ("Liquidator" or "Petitioner") and as duly authorized foreign representative (together with Ian Russell Lock, the "Liquidators") of Avastra Sleep Centres Limited (in liquidation), formerly known as Avastra Ltd. and Astravia Ltd. (the "Debtor" or "Avastra"), I hereby submit this declaration in support of the *Petition under Chapter 15 for recognition of a foreign main proceeding* (the "Verified Petition") filed contemporaneously herewith, seeking this Court's recognition of the Debtor's Australian liquidation proceeding as a "foreign main proceeding" as that term is defined pursuant to section 1502(4) of the Bankruptcy Code.

2.     On September 4, 2009, Mr. Lock and I, both of Sheahan Lock Partners ("Sheahan Lock"), were appointed as joint and several liquidators of the Debtor pursuant to sections 439C(c)

and 446A of the *Corporations Act* 2001 (the "Corporations Act"), an Act of the Federal Parliament of Australia. A true and correct certified copy of Form 505 evidencing our appointment as liquidators and filed with the Australian Securities and Investments Commission on September 8, 2009, is attached to the Verified Petition as **Exhibit D**.

3. I have been advised by my Australian solicitors, DMAW Lawyers, that the Supreme Court of Victoria or the Federal Court of Australia (the "Australian Courts") are the judicial bodies in Australia that have supervisory authority over the Debtor's liquidation proceeding in Australia.

4. I am authorized to make this declaration acting in my capacity as the joint and several liquidator of the Debtor. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information supplied to me and are true to the best of my knowledge, information and belief.

BACKGROUND

5. I am a member of the Australian Institute of Chartered Accountants and the Insolvency Practitioners' Association of Australia, and I am an Affiliate of the Chartered Secretaries of Australia.

6. I am a registered liquidator, having met the qualifications for registration with the Australian Securities and Investments Commission ("ASIC") pursuant to section 1282(2) of the Corporations Act. I have been in practice as a registered liquidator for over 25 years. A copy of my certificate of registration is attached hereto as **Exhibit A**. The required qualifications include:

    a) a three year course of study in accountancy;

    b) a two year course of study in commercial law;

    c) in ASIC's opinion, sufficient experience in corporate insolvency and winding up bodies corporate; and

    d) being a person fit and proper to be registered as a liquidator.

-2-

7.      A copy of the ASIC Regulatory Guide 186: External administration: Liquidator registration is attached hereto as **Exhibit B**.

8.      In addition to being registered liquidators, both Mr. Lock and I are official liquidators. Official liquidators are registered liquidators with sufficient experience in public practice and corporate insolvency administrations to be regarded as appropriate appointees by the Australian Courts.   The appointment of an official liquidator is an executive appointment made by ASIC, exercising its authority pursuant to section 1283(1) of the Corporations Act.

**A.      The Debtor**

9.      The Debtor is a corporation organized and existing under the Corporations Act and was registered as an Australian Public Company on September 12, 2000.  It is identified by its Australian Company Number (A.C.N.) 094 446 803.   A true and correct copy of the Debtor's Certificate of Registration with ASIC is attached to the Verified Petition as **Exhibit A**.  The Debtor's registered office with the ASIC is situated at Level 8, 26 Flinders Street Adelaide, South Australia, 5000, given that its assets have been sold and it has no on-going operations apart from liquidation.

10.      The Debtor was engaged in the business of healthcare services and owned and operated sleep diagnostic centers, and had its main business operations at Brisbane, Australia.

11.      The Debtor does not have a place of business or assets in the United States and does not have any known unsecured or secured creditors in the United States

**B.      The Australian Administration and Liquidation Proceedings**

12.      In accordance with a resolution of the directors of the Debtor on August 3, 2009, Mr. Lock and I were appointed to be the Debtor's joint and several Administrators pursuant to the provisions of Part 5.3A, section 436A of the Corporations Act.  A true and correct certified copy of the Instrument of Appointment of Administrators for the Debtor, dated August 3, 2009, is attached to the Verified Petition as **Exhibit B**.

13.      By resolution at a duly convened meeting of creditors of the Debtor, held on September 4, 2009 in Sydney, Australia and concurrently in Irvine, California on September 3, 2009,

-3-

Mr. Lock and I were appointed as joint and several liquidators of the Debtor, as set forth in paragraph 2 above and pursuant to Parts 5.3A and 5.5 of the Corporations Act.  A true and correct certified copy of the minutes of the meeting of creditors at which Ian Lock and I, Joint Administrators, were appointed as Joint and Several Liquidators of the Debtor, is attached to the Verified Petition as **Exhibit C**.

14.    Since our appointment as joint and several liquidators of the Debtor, Mr. Lock and I have administered the property and affairs of the Debtor for the benefit of its creditors and owners.  I refer to the Declaration of Glenn Davis (the "Davis Declaration"), one of my Australian solicitors, filed contemporaneously with the Verified Petition, which sets out in detail the duties and powers of a liquidator under Australian law.

15.    Attached hereto as **Exhibit C** is a list containing the names and addresses of the Debtor's 20 largest unsecured creditors in the Australian liquidation proceeding as presently known by the Liquidators.  At this time, there are no known secured creditors of the Debtor.

<u>REQUEST FOR RELIEF</u>

16.    As Liquidator, I respectfully request this Court's recognition of the Debtor's Australian liquidation proceeding as a "foreign main proceeding" as that term is defined pursuant to section 1502(4) of the Bankruptcy Code.

17.    As described in the Davis Declaration, under the law of Australia and our appointment by the creditors of the Debtor pursuant to such law, Mr. Lock and I have been provided with extensive powers as Liquidators, subject to court supervision, to operate the Debtor, investigate the Debtor's affairs, and preserve the Debtor's assets for the benefit of creditors and equity holders.

18.    I have been advised by my counsel in the United States that chapter 15 of the Bankruptcy Code exists, *inter alia*, to assist foreign representatives such as Mr. Lock and myself in the performance of our duties in the interests of administering the Debtor's estate and assets in the most efficient way possible in order to maximize the value received by the Debtor's creditors and equity holder.   Here, relief under chapter 15 of the Bankruptcy Code is necessary to obtain

-4-

documents and information in the United States from individuals and entities in the Irvine, California area and otherwise in this judicial district to carry out our responsibilities as Liquidators, and to also ensure, among other things, that no creditor or other party takes any action in the United States to obtain an unlawful advantage or otherwise in a manner detrimental to the policies of Australian law that inform the Liquidation, including permitting the Australian procedure for dealing with proofs of debt and affirmative claims to follow its intended course, which includes rights to appeal to the Australian Courts.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ˍ6thˍ day of June 2011, at Adelaide, Australia.


           ~~[signature on next page]~~
           John Sheahan

DECLARATION OF JOHN SHEAHAN IN
SUPPORT OF CHAPTER 15 RECOGNITION

documents and information in the United States from individuals and entities in the Irvine, California area and otherwise in this judicial district to carry out our responsibilities as Liquidators, and to also ensure, among other things, that no creditor or other party takes any action in the United States to obtain an unlawful advantage or otherwise in a manner detrimental to the policies of Australian law that inform the Liquidation, including permitting the Australian procedure for dealing with proofs of debt and affirmative claims to follow its intended course, which includes rights to appeal to the Australian Courts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _6_ day of June 2011, at Adelaide, Australia.

John Sheahan

-5-

DECLARATION OF JOHN SHEAHAN IN
SUPPORT OF CHAPTER 15 RECOGNITION

# EXHIBIT A



# ASIC
### Australian Securities & Investments Commission

# Details of Registration
# as an Official Liquidator

## Registered Number:  5769

This is to certify that

## John Sheahan

This is a true copy
of the original document

*Gregory Kenneth William Jones*
A Commissioner for taking Affidavits
in the Supreme Court of South Australia
26/11/2000

was on the first day of January 1991
deemed registered as an official liquidator under
section 1278 of the Corporations Law.



Given under the seal of the
Australian Securities and Investments Commission
on this 24th day of October 2000.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

Selina Folland
As a Delegate of the
Australian Securities and Investments Commission

Exhibit A, Page 8

# EXHIBIT B

*This 37 page document has been extracted by me from the ASIC website*





**ASIC**
Australian Securities & Inv...

Gregory Kenneth William Jones
A Commissioner for taking Affidavits
in the Supreme Court of South Australia
26/11/2010

## REGULATORY GUIDE 186

# External administration: Liquidator registration

**Part 9.2 — Registration of auditors and liquidators**

*Issued 30/9/2005*

*From 5 July 2007, this document may be referred to as Regulatory Guide 186 (RG 186) or Policy Statement 186 (PS 186). Paragraphs in this document may be referred to by their regulatory guide number (e.g. RG 186.1) or their policy statement number (e.g. PS 186.1).*

## What this guide is about

RG 186.1    This guide outlines our approach to the registration of liquidators and official liquidators under Part 9.2 of the *Corporations Act 2001* (Act).

RG 186.2    It sets out:

**A**    our approach to the criteria you must meet to become a registered liquidator (s1279(1)(b) and 1282(2))
*see RG 186.6–RG 186.82*

**B**    our approach to what you must do to remain registered as a liquidator
*see RG 186.83–RG 186.137*

**C**    when we will register you under the categories of 'official liquidator' (s1283) or 'liquidator of a specified body corporate' (s1279(1)(c) and 1282(3))
*see RG 186.138–RG 186.156*

RG 186.3    For details of how to apply for registration as a liquidator and what information we require in an application, see the Liquidators registration kit on our website at www.asic.gov.au/insolvency.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

**RG 186.4**     This guide replaces:

(a) Superseded Policy Statement 40 Registration of liquidators—experience criteria [SPS 40]; and

(b) Superseded Policy Statement 24 Registration of official liquidators [SPS 24].

**RG 186.5**     Our approach in this guide has been influenced by:

(a) the fact that registered liquidators act in a fiduciary capacity, often have total management control of the affairs, money and other property of a body corporate, and in some cases, are officers of the court;

(b) legislative and other developments affecting the insolvency industry since [SPS 40] and [SPS 24] were issued (including the introduction of Part 5.3A of the Act); and

(c) requirements in other jurisdictions for registration of corporate insolvency practitioners.

## Contents

**What this guide is about** ...................................................... 1

**A     What criteria must you meet to become a registered liquidator?** ........................................... 3
    Our policy.................................................................... 3
    Underlying principles ............................................... 9
    Explanation ............................................................. 10

**B     What are your ongoing obligations as a registered liquidator?** ........................................... 20
    Our policy.................................................................. 20
    Underlying principles ............................................. 23
    Explanation ............................................................. 23

**C     Other categories** ........................................... 31
    Our policy.................................................................. 31
    Underlying principles ............................................. 32
    Explanation ............................................................. 32

**Key terms** ...................................................................... 35

**Related information** ............................................................ 37

**Important note:** This guide does not constitute legal advice. We encourage you to seek your own professional advice to find out how the Act applies to you. It is your responsibility to determine your obligations under the Act and regulations. Examples in this paper are purely illustrative; they are not exhaustive and are not intended to impose or imply particular rules or requirements. This paper is based on legislation and regulations as at 30 September 2005.



KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

# A    What criteria must you meet to become a registered liquidator?

## Our policy

RG 186.6    To become a registered liquidator, you must be a natural person (s1279(1)) who:

(a)  has certain base level qualifications (s1282(2)(a), see RG 186.7– RG 186.15);

(b)  has experience in winding up bodies corporate (s1282(2)(b), see RG 186.16);

(c)  is capable of performing the duties of a registered liquidator (s1282(2)(c), see RG 186.17–RG 186.20); and

(d)  is otherwise a fit and proper person to be a registered liquidator (s1282(2)(c), see RG 186.21–RG 186.24);

(e)  is not a person disqualified under Part 2D.6 from managing corporations (s1282(4), see RG 186.25);

(f)  is (generally) resident in Australia (s1282(5), see RG 186.26); and

(g)  if the application is granted, will comply with our policy on the security required under s1284 (see RG 186.27).

> Note: For details on how to apply for registration as a liquidator and the forms necessary for completing your application, see the Liquidators registration kit on our website at www.asic.gov.au/insolvency.

## Qualifications: s1282(2)(a)

RG 186.7    To meet this requirement, you must satisfy us that you:

(a)  are a member of an Australian accounting body listed in s1282(2)(a)(i) or an overseas accounting body listed in reg 9.2.04;

(b)  have a qualification that falls within s1282(2)(a)(ii) from an Australian university or tertiary institution listed in reg 9.2.02; or

(c)  have 'equivalent' qualifications and experience (s1282(2)(a)(iii)).

RG 186.8    In this guide, we refer to membership under s1282(2)(a)(i) and Australian qualifications under s1282(2)(a)(ii) as 'standard' qualifications. That is, if you are within one of those categories, you will automatically satisfy the base qualifications required under s1282(2)(a).

## 'Standard' qualifications: s1282(2)(a)(i) and (ii)

RG 186.9    For s1282(2)(a)(i), we interpret 'member' as referring to a full member entitled to all the privileges and subject to all the obligations of membership of the relevant body.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

**RG 186.10**    If you are relying on s1282(2)(a)(ii), the subjects completed for your qualification must comprise:

(a)  a 3-year course of study in accountancy; and

(b)  a 2-year course of study in commercial law (including company law).

**RG 186.11**    To meet s1282(2)(a)(ii), you will need to provide us with certification from the university or tertiary institution you attended that the subjects you completed for your qualification comprise those courses of study, unless we have a standing certification from that university or institution.

> Note: A standing certification means that the university or tertiary institution has certified to us the combinations of subjects at that university or institution that comprise a 3-year course of study in accountancy and a 2-year course of study in commercial law (including company law).

**RG 186.12**    The content of courses of study for qualifications that fall within s1282(2)(a)(ii) will usually have been determined in consultation with one or more of the professional accounting bodies. We expect that, as a minimum, these courses of study will include subjects (by whatever name) dealing with:

(a)  *for accountancy*—Australian accounting and auditing standards, financial and corporate accounting; cost and management accounting; and corporate finance; and

(b)  *for commercial law*—introductory contract law, torts and trust law; and introductory Australian business, corporations and taxation law.

### 'Equivalent' qualifications: s1282(2)(a)(iii)

**RG 186.13**    If you are relying on s1282(2)(a)(iii), you must satisfy us that your qualifications and experience taken together have given you knowledge equivalent to the knowledge that would be gained from an Australian 3-year full-time bachelor degree that includes a 3-year course of study in accountancy and a 2-year course of study in commercial law (including company law).

**RG 186.14**    We will generally accept that you have 'equivalent' qualifications if you have one of the following combinations of qualifications and experience:

(a)  *Non-standard Australian qualification*—you hold a minimum 3-year full-time undergraduate qualification from an Australian tertiary institution but the qualification and/or the institution does not meet s1282(2)(a)(ii), and you have also completed:

(i)   a tertiary level bridging course that we approve for this purpose, in either or both of accountancy and commercial law, depending on whether your qualification includes a course of study in either of those areas; and

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

      (ii)  1–3 years (depending on the number and nature of the bridging courses you need to undertake for subparagraph (i)) of supervised, relevant practical experience;

(b) *Non-standard overseas accounting qualification*—you hold a minimum 3-year full-time undergraduate accounting qualification (which includes commercial and company law subjects) from a university in a country with comparable accounting standards and practices to Australia, and you have also completed:

      (i)  a conversion course in Australian accountancy and Australian commercial and company law that we approve for this purpose; and

      (ii)  1 year of supervised, relevant practical experience in Australia.

RG 186.15    We will consider the equivalence of other combinations of qualifications and experience on a case-by-case basis.

Note: See also RG 186.34–RG 186.43.

## Winding up experience: s1282(2)(b)

RG 186.16    We will assess your experience in winding up bodies corporate as part of our assessment of your personal capacities for s1282(2)(c): see RG 186.18–RG 186.19.

## Capability: s1282(2)(c)

RG 186.17    We will only be satisfied that you are capable of performing the duties of a registered liquidator if we are satisfied about the adequacy of your:

(a) personal capacities (see RG 186.18–RG 186.19); and

(b) practice capacities (see RG 186.20).

Note: For the definition of practice, see 'Key terms'.

### Personal capacities

RG 186.18    When we assess your personal capacities, we will take into account (in addition to your qualifications for s1282(2)(a)):

(a) whether you have adequate corporate insolvency experience (see RG 186.19);

(b) whether you have successfully completed a specialist program in Australian corporate insolvency law and practice;

(c) the length and nature of any non-insolvency corporate management experience you may have; and

(d) any other relevant factors.



KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

*Corporate insolvency experience*

RG 186.19    We will only be satisfied that you have adequate corporate insolvency experience if:

(a)    you have worked in corporate insolvency for at least the equivalent of 5 years full-time over the last 10 years;

(b)    substantially all of your corporate insolvency experience has involved work on external administrations:

   (i)    under the supervision of a registered liquidator in Australia; or

   (ii)    as, or under the supervision of, an appropriately licensed corporate insolvency practitioner in a country where we consider the corporate insolvency laws and practices are comparable with those in Australia;

(c)    where all your corporate insolvency experience has not been gained in Australia, you have worked in Australia on external administrations under the supervision of a registered liquidator for at least the equivalent of 1 year full-time over the last 2 years;

(d)    your corporate insolvency experience includes a broad range of external administrations, of which 2 must be:

   (i)    court liquidations or creditors' voluntary liquidations under Ch 5; and

   Note: We require this experience because of s1282(2)(b).

   (ii)    administrations under Part 5.3A;

(e)    your corporate insolvency experience has been gained at a very senior level for at least the equivalent of 3 years full-time over the last 5 years;

(f)    your corporate insolvency experience at a very senior level includes dealing with a range of complex matters that typically arise in external administrations, and

(g)    over the course of gaining your corporate insolvency experience, you have demonstrated:

   (i)    skill and diligence; and

   (ii)    sound judgment in complex matters while working at a very senior level.

   Note: For further explanation, see also RG 186.46–RG 186.59.

## Practice capacities

RG 186.20    We will only be satisfied that you have adequate practice capacities if you demonstrate that you have, or have reliable access to (as and when required):

(a)    adequate human and technological resources to enable you to accept appointments as an external administrator from the time of registration and on a continuing basis;

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

(b)  appropriate processes for monitoring and ensuring the continuing adequacy of the human and technological resources available to you;

(c)  appropriate processes for ongoing supervision and training of staff;

(d)  appropriate operational procedures and manuals for conducting external administrations, including internal procedures for recording and handling complaints about the performance of duties by you or staff who perform duties on your behalf; and

(e)  adequate systems for managing risks to your own practice and each entity to which you may be appointed.

> Note: For further explanation, see also RG 186.60–RG 186.67.

### Fit and proper: s1282(2)(c)

RG 186.21    We will only be satisfied that you are a fit and proper person to be registered as a liquidator if we are satisfied as to your honesty, integrity, good reputation and personal solvency. This is in addition to our being satisfied about your overall capability.

RG 186.22    When we assess whether you are a fit and proper person to be registered as a liquidator, current membership of a relevant professional body will be a factor in your favour but that membership will not be determinative.

> Note: For the definition of relevant professional body, see 'Key terms'.

RG 186.23    We will consider that you are not fit and proper to be registered if any of the following apply to you:

(a)  in the last 10 years, you have been convicted of any offence of which one element is dishonesty, even though that conviction does not make you a disqualified person under Part 2D.6;

(b)  in the last 10 years, you have been found civilly liable for any breach of trust, breach of fiduciary duty, dishonesty, gross negligence or recklessness in the course of your professional duties;

(c)  in the last 10 years, you have been convicted of a serious tax offence;

(d)  you have:

  (i)   executed a debt agreement under Part IX of the Bankruptcy Act or an authority under s188 of that Act and the operation of the agreement or authority has not ended; or

  (ii)  property that is subject to control under s50 or Div 2 of Part X of the Bankruptcy Act.

> Note: In this case, you may be within the s9 definition of an insolvent under administration, even though you are not a disqualified person under s206B(4).

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

(e)  you are a disqualified person under Part 2D.6; or

> Note: In this case, we are specifically prohibited by s1282(4) from registering you as a liquidator.

(f)  we are not satisfied that you have full legal or mental capacity.

RG 186.24    We *may* consider that you are not fit and proper to be registered, depending on the particular facts and circumstances, if:

(a)  any legal or disciplinary action is pending against you, or has been taken against you in the last 10 years and resulted in an adverse finding, by any of the following:

   (i)   a relevant professional body of which you are or have been a member;

   (ii)  ASIC;

   (iii) the CALDB;

   (iv)  ITSA;

   (v)   the Tax Agents' Board; or

   (vi)  the ATO; or

(b)  in the last 10 years you have:

   (i)   executed a debt agreement under Part IX of the Bankruptcy Act, an authority under s188 of that Act or a personal insolvency agreement under Part X of that Act;

   (ii)  had property that was subject to control under s50 or Div 2 of Part X of the Bankruptcy Act;

   (iii) been a disqualified person under Part 2D.6;

   (iv)  been refused membership by a relevant professional body; or

   (v)   made an application for registration as a liquidator or as an official liquidator that was refused for fitness and propriety reasons.

This list is not exhaustive.

> Note: For further explanation, see also RG 186.68–RG 186.73.

### Disqualified persons: s1282(4)

RG 186.25    Even if you have permission from us under s206F(5) or leave from the court under s206G to manage a particular corporation or corporations, we will consider you are:

(a)  still a disqualified person for the purposes of s1282(4); and/or

(b)  not a fit and proper person to be registered, because you are not capable of managing all corporations.

> Note: For further explanation, see also RG 186.74–RG 186.76.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

### Resident in Australia: s1282(5)

RG 186.26    To be considered resident in Australia, you must satisfy us that you are living in Australia on a permanent or long-term basis. We will generally refuse to register you as a liquidator if we do not consider you are resident in Australia.

> Note: For further explanation, see also RG 186.77–RG 186.79.

### Security: s1284

RG 186.27    We will continue to apply our policy in Regulatory Guide 33 *Security deposits* RG 33 on how a registered liquidator may comply with s1284.

> Note: For further explanation, see also RG 186.80–RG 186.82.

### Transitional arrangements

RG 186.28    Our policy in this section applies immediately. It replaces our policy in [SPS 40] on the experience we require an applicant to have for registration as a liquidator, and sets out our policy on the other criteria for registration as a liquidator.

RG 186.29    All new applicants for registration must comply with this policy. If we have received your application but not finally determined it before this guide is published, we will assess your application under this policy. However, we will give you time to provide any additional information that may be necessary.

## Underlying principles

RG 186.30    Registered liquidators (who are not also official liquidators) can be appointed as any type of external administrator other than a court-appointed liquidator or provisional liquidator: see s411(7)(d), 418(1)(d), 448B, 532(1A) and 532(1)(a).

RG 186.31    ASIC and the public must have confidence that persons registered by ASIC under Part 9.2 as liquidators are capable of undertaking the work that a registered liquidator is entitled to perform, and that they are fit and proper persons to undertake such work.

RG 186.32    We will only register a person as a liquidator if we are satisfied that they meet all the requirements listed in RG 186.6. Most of the criteria for registration give ASIC a discretion to determine whether those criteria are met. Our policy will guide the exercise of our discretion in such cases, but we will consider each application for registration on its merits.

RG 186.33    An applicant for registration does not have a right to be registered merely because they fall within examples given in our policy. Similarly, an applicant who satisfies us that they meet all the criteria for registration will not be refused registration merely because their individual situation is not described in our policy.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

## Explanation

### *Qualifications: s1282(2)(a)*

'Equivalent' qualifications: s1282(2)(a)(iii)

RG 186.34    If you do not have 'standard' qualifications, the onus is on you to satisfy us that your qualifications and experience have given you knowledge that is equivalent to the knowledge in accountancy and commercial law a person with the standard qualifications would have. When we consider non-standard qualifications, we will be guided by our expectations for the minimum content of courses of study that meet s1282(2)(a)(ii): see RG 186.12.

RG 186.35    We consider that the experience relevant for s1282(2)(a)(iii) is experience that contributes to the acquisition of knowledge of accountancy and commercial law, particularly Australian accountancy and Australian commercial law. It need not be (and generally we expect it will not be) corporate insolvency experience. Specific corporate insolvency experience is a separate requirement under s1282(2)(b) and (c).

RG 186.36    In RG 186.14, we have identified the non-standard qualifications that we think are most likely to arise for consideration under s1282(2)(a)(iii): see also RG 186.37–RG 186.43. We will consider the equivalence of other combinations of qualifications and experience on a case-by-case basis, based on these guidelines.

*'Non-standard' Australian qualification*

RG 186.37    The more your qualifications match the content and level of courses of study that meet s1282(2)(a)(ii), the less emphasis we will need to place on bridging courses and on your experience in order to assess you as meeting the initial knowledge requirements for s1282(2)(a).

RG 186.38    Bridging courses for the purpose of paragraph (a)(i) of RG 186.14 must be assessable by examination and cover (typically in an accelerated format) the same minimum content that we expect for courses of study under s1282(2)(a)(ii): see RG 186.12.

RG 186.39    The number and type of bridging courses and the length of experience that we will generally require before we consider that you have equivalent knowledge for the purposes of s1282(2)(a)(iii) depends on the subject matter covered in your qualification. For example:

(a)    if your qualification contains tertiary level courses of study in both accountancy and commercial law but does not fall within s1282(2)(a)(ii), we will require you to have at least 1 year's supervised, relevant practical experience. If your accountancy and commercial law subjects do not cover the minimum content set out

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

in RG 186.12, you will also need to do a bridging course to achieve that minimum knowledge;

(b) if your qualification contains a tertiary level course of study only in accountancy, you will need to do a bridging course in commercial law, and we will require you also to have at least 1 year's supervised, relevant practical experience;

(c) if your qualification contains a tertiary level course of study only in commercial law, you will need to do a bridging course in accountancy, and we will require you also to have at least 2 years' supervised, relevant practical experience;

(d) if your qualification does not contain a tertiary level course of study in either accountancy or commercial law, you will need to do bridging courses in both accountancy and commercial law, and we will require you also to have at least 3 years' supervised, relevant practical experience.

### 'Non-standard' overseas accounting qualification

RG 186.40    If you have an overseas accounting qualification but you are not a full member of an overseas accounting body listed in reg 9.2.04, the onus is on you to satisfy us about the equivalence of the content and level of your qualification. Initially, you should have your qualifications assessed under the National Office of Overseas Skills Recognition (NOOSR) guidelines by an authorised assessing authority for accounting qualifications (currently ICAA, CPA Australia and NIA) for comparability to an Australian undergraduate accounting degree.

RG 186.41    We will take the NOOSR assessment into account when assessing the equivalence of your overseas qualification with a standard Australian qualification. The greater the comparability between:

(a) your overseas qualification and a standard Australian qualification; and

(b) the accounting and legal regimes of the overseas country and Australia,

the less emphasis we will need to place on conversion courses and on Australian experience in order to assess you as meeting s1282(2)(a).

RG 186.42    For example, if you have a bachelor-level accounting qualification obtained from a university in a country with comparable accounting standards and practices to Australia, we will generally consider that you have 'equivalent' qualifications for the purposes of s1282(2)(a)(iii) if you have also completed a conversion course in Australian accounting and commercial law, and you have at least 1 year's supervised, relevant practical experience in Australia.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' TH AUSTRALIA
NOTARY PUBLIC

RG 186.43    We will require all overseas-qualified applicants with 'non-standard' qualifications to have practical Australian accounting experience regardless of how much overseas accounting or corporate insolvency experience they have. However, in the example in RG 186.42, if the minimum 1 year of Australian experience has been gained doing exclusively corporate insolvency work under the supervision of a registered liquidator, we will generally be prepared to count that period towards the corporate insolvency experience required under RG 186.19: see also RG 186.53.

## Winding up experience: s1282(2)(b)

RG 186.44    The experience referred to in s1282(2)(b) is limited to experience 'in connection with the winding up of bodies corporate'. This is only one type of external administration referred to in Ch 5 to which a registered liquidator may be appointed. Therefore, we will assess your winding up experience as part of the broader personal capacities you must have for s1282(2)(c): see in particular paragraph (d)(i) of RG 186.19 and RG 186.52.

## Capability: s1282(2)(c)

RG 186.45    We interpret 'capability' as referring to the overall capacities that enable a person to perform adequately and properly the duties and functions that a registered liquidator will have upon registration and when acting as an external administrator. Our interpretation of 'capability' includes both personal and practice capacities.

### Personal capacities

RG 186.46    Capacity to perform the duties of a registered liquidator 'refers not simply to a person's technical abilities but also to the more ephemeral quality of judgment': *Re Lofthouse and ASIC* [2004] AATA 327 at paragraph 74. An applicant's judgment is one of the factors we will consider in the context of their corporate insolvency experience.

#### Corporate insolvency experience

RG 186.47    Given the range of appointments under Ch 5 that a registered liquidator can accept, a person will not be capable of performing the duties of a registered liquidator unless they have broad external administration experience. In *Re Lofthouse and ASIC* [2004] AATA 327, the AAT held that the experience relevant for the purposes of registration as an official liquidator was not limited to experience in windings up, but included experience across a broad range of external administrations. We consider that this approach applies equally to the experience a person must have in order to demonstrate that they are capable of performing adequately and properly the duties and functions a registered liquidator has when acting as an external administrator.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' 'TH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

RG 186.48    You must have at least:

(a) the equivalent of 5 years' full-time corporate insolvency experience. This experience must have been gained over the last 10 years, in Australia or in a country that we consider has comparable corporate insolvency laws and practices to Australia.

   If all your experience was not gained in Australia, at least 1 year's experience over the last 2 years must have been gained in Australia working on Ch 5 external administrations under the supervision of a registered liquidator;

(b) the equivalent of 3 years' full-time corporate insolvency experience at a very senior level. This experience must have been gained over the last 5 years.

   Note: For details about how to calculate the full-time equivalence of your experience, see the Liquidators registration kit on our website at www.asic.gov.au/insolvency.

RG 186.49    Substantially all of your corporate insolvency experience must have involved work on external administrations under the supervision of a registered liquidator or overseas equivalent. We will not require all your corporate insolvency experience to be on external administrations because we recognise that certain other corporate insolvency work can provide experience directly relevant to the work a registered liquidator must be capable of performing as external administrator.

RG 186.50    If you do not have 5 years' experience on external administrations, we may be prepared to count some or all of your other experience towards your overall corporate insolvency experience. Whether, and the extent to which, we are prepared to do so will be affected by the type and length of your other corporate insolvency experience, and our assessment of its quality and relevance.

RG 186.51    As a guide, however, we can indicate that:

(a) at least 80% of your total corporate insolvency experience will generally need to have been gained on external administrations;

(b) the other corporate insolvency work that we will generally accept is:

   (i) insolvency advisory work for corporate reconstructions or informal work-outs;

   (ii) secondment to or engagement by ASIC doing insolvency work;

   (iii) secondment to or engagement by a lending institution in a debt management or advisory role focusing specifically on insolvent or potentially insolvent corporate borrowers;

   (iv) technical or training roles in a corporate insolvency practice under the supervision of a registered liquidator; and

   (v) technical roles in an insolvency professional organisation; and



KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' 'TH AUSTRALIA
NOTARY PUBLIC

(c) we will not accept experience gained in a practice management or risk management role in an insolvency practice because that work is not sufficiently connected to the work of a registered liquidator.

RG 186.52    We will not include under this category experience you may have in members' voluntary liquidations because members' voluntary liquidations are not a form of insolvent external administration. In addition, members' voluntary liquidations do not require the liquidator to be a registered liquidator unless the company being wound up is a public company. However, experience in members' voluntary liquidations is relevant to your overall experience and we may take it into account when we consider your non-insolvency management experience: see RG 186.59.

RG 186.53    If you need to rely on equivalent qualifications and experience to meet s1282(2)(a), and your experience for s1282(2)(a)(iii) purposes has included a significant, continuous period of Australian corporate insolvency experience, we may be prepared to count some or all of that experience towards the corporate insolvency experience we require for s1282(2)(c). Whether, and the extent to which, we are prepared to do so will be affected by:

(a) the content and level of the formal qualifications you hold and the country where those qualifications were obtained;

(b) whether your Australian corporate insolvency experience was gained under the supervision of a registered liquidator; and

(c) the length of the total supervised experience we require under RG 186.14.

RG 186.54    For paragraphs (e) and (g)(ii) of RG 186.19, your external administration experience will have been at a very senior level if:

(a) you were a principal or at the level immediately below that of principal;

> Note: For the definition of principal, see 'Key terms'.

(b) you reported directly to the relevant external administrator; and

(c) you:

(i) formed opinions and made recommendations to the external administrator about the financial and potential legal position of the body corporate;

(ii) were directly involved in planning and managing on behalf of the external administrator the conduct of the external administration;

(iii) prepared draft reports to creditors on behalf of the external administrator;

(iv) instructed solicitors and evaluated legal advice as directed by the external administrator; and

(v) supervised staff who reported through you to the external administrator, and had responsibility for allocating other resources.

This list is not exhaustive.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' 'TH AUSTRALIA
NOTARY PUBLIC

RG 186.55    For paragraphs (f) and (g)(ii) of RG 186.19, examples of external administration matters that may be complex include:

(a)  trading-on a business with a view to selling it as a going concern;

(b)  investigations into insolvent trading, voidable transactions or breach of directors' duties;

(c)  large litigation matters;

(d)  public examinations; and

(e)  external administrations that concern listed companies, large-scale social or environmental issues, or matters concerning government policy.

*Specialist corporate insolvency program*

RG 186.56    We expect that a person who wishes to become a registered liquidator will generally have undertaken some specialist studies in corporate insolvency before applying for registration, because the standard qualifications referred to in s1282(a)(i) or (ii) rarely provide adequate training in corporate insolvency issues.

RG 186.57    Therefore, we will regard favourably completion by examination of a program in Australian corporate insolvency law and practice, particularly where an applicant has only the minimum corporate insolvency experience.

RG 186.58    An acceptable program will deal with (at least) all the types of external administration under Ch 5 of the Act and cover (at least) the following topics:

(a)  the duties, functions, powers and responsibilities of each type of external administrator;

(b)  conducting creditors' meetings;

(c)  conducting investigations and examinations;

(d)  recovery and realisation of assets;

(e)  adjudicating proofs of debt and distributing dividends;

(f)  reporting to creditors and to ASIC; and

(g)  professional ethics.

*Non-insolvency corporate management experience*

RG 186.59    We will regard favourably any non-insolvency corporate management experience you may have, particularly where you only have the minimum corporate insolvency experience. This may include experience in members' voluntary windings up of public companies or in complex members' voluntary liquidations of private companies.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' TH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

## Practice capacities

**RG 186.60**    You must satisfy us that you have a base level of practice capacities that will enable you to perform adequately and properly your duties as a registered liquidator. You must decide how you will demonstrate that your practice capacities are adequate.

**RG 186.61**    All applicants must satisfy us that they have resources, processes, procedures and systems of the kind set out in RG 186.20, but the nature and sophistication of those resources in each case will depend on the type of assignments that the applicant, once registered, is likely to take on.

> Note: For example, we will generally require applicants who work in large practices and are likely to be appointed to larger or more complex external administrations to demonstrate a more sophisticated level of practice capacities.

**RG 186.62**    In particular, you must satisfy us that your own resources, or the practice resources that will be available to you, are adequate to enable you to deal appropriately with a fluctuating workload, given the significant demands placed on resources at the beginning of each appointment or if unexpected or urgent situations arise during the course of an external administration.

**RG 186.63.**    If you propose to accept appointments to entities located a long way from your places of practice, you will also need to demonstrate that you have adequate practice capacities to undertake that work without unreasonably increasing the overall costs of the external administration.

**RG 186.64**    We do not expect that all the processes, procedures and systems in paragraphs (b)–(e) of RG 186.20 will necessarily be documented. Whether any of them are, or should be, documented will depend on the size and structure of your practice. However, if they are not documented, it may be more difficult to demonstrate to us that adequate processes, procedures and systems exist. In addition, documented operational procedures will usually be necessary for adequate risk management.

**RG 186.65**    We consider that your practice capacities will not be adequate unless you have systems and processes in place for identifying and managing risks in:

(a)  your own practice; and

(b)  each entity to which you may be appointed as external administrator.

**RG 186.66**    What is required to appropriately manage risks will depend on each practice and each appointment. You will need to explain to us your risk management processes and generally, we expect that risk management processes will be documented. At a minimum, we expect you

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

to have explicit processes (dealing separately with your own practice and the external administrations you may be appointed to) for:

(a) controlling internal fraud;

(b) monitoring and minimising your exposure to personal liability;

(c) monitoring and minimising the potential for conflicts of interest or breaches of other legal obligations; and

(d) ensuring business continuity in the event of technological failure or other business interruption.

### Trustees in bankruptcy

RG 186.67    If you are a registered trustee, we will take that status into account when we assess your practice capacities. Such status may operate on practice capacities in two ways. On one hand, a registered trustee will already have resources, systems and procedures in place that may be easily adapted or supplemented for corporate insolvency work. On the other hand, the fact that both bankruptcy and corporate insolvency work will be undertaken may increase the level of practice resources required to perform both roles adequately and properly.

## Fit and proper: s1282(2)(c)

RG 186.68    We interpret the expression 'fit and proper' as referring to an applicant's:

(a) overall capability of performing their duties and functions; and

(b) honesty, integrity, good reputation and personal solvency.

> Note: Our interpretation of fit and proper is consistent with *Hughes and Vale Pty Ltd v The State of NSW (No. 2)* (1955) 93 CLR 127 at 156–7; *Re Su and the Tax Agents' Board of SA* (1982) 82 ATC 4284 at 4286; *Stasos v Tax Agents' Board of NSW* (1990) 90 ATC 4950 at 4959; *Australian Broadcasting Tribunal v Bond* (1990) 170 CLR 321 at 348; and *Davies v Australian Securities Commission* (1995) 131 ALR 295 at 305–7.

RG 186.69    The reference to 'otherwise' in s1282(2)(c) reinforces our view that an applicant's overall 'capability' is part of their 'fitness and propriety' to be registered as a liquidator. It also implies that a person who is not capable of performing adequately and properly the duties of a registered liquidator is not a fit and proper person to be a registered liquidator.

RG 186.70    When we consider for s1282(2)(c) whether you are 'otherwise' a fit and proper person to be registered as a liquidator, we will specifically consider whether you have the honesty, integrity, good reputation and personal solvency that we think a registered liquidator must have in view of:

(a) the fiduciary nature of a registered liquidator's duties and functions when appointed as an external administrator;



KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' ITH AUSTRALIA
NOTARY PUBLIC

REGULATORY GUIDE 186: External administration: Liquidator registration

(b) the fact that registered liquidators as external administrators often have control of very large amounts of money, other property, financial facilities and financial obligations that belong to third parties; and

(c) the need for a registered liquidator's words and actions to be regarded with complete trust by persons who deal with them in their capacity as an external administrator.

RG 186.71    Legal or disciplinary action pending or taken by the bodies set out in RG 186.24 may affect your fitness and propriety to be a registered liquidator where it relates to professional conduct or personal qualities that are relevant to the role of registered liquidator.

> Note: For example, action by the ATO will be relevant to our assessment of your fitness and propriety where it relates to matters such as non-payment of your personal taxation liabilities or your involvement in non-payment of corporate taxation liabilities of an entity with which you are associated personally or professionally.

RG 186.72    We will regard favourably current membership of a body that monitors the professional performance of its members and has disciplinary functions, because such bodies usually require their members to be fit and proper persons. Therefore, they will have also considered your honesty, integrity and reputation. However, your membership of such a body will not be determinative in our assessment of whether you are a fit and proper person to be a registered liquidator.

### Trustees in bankruptcy

RG 186.73    If you are a registered trustee, we will take into account your record and reputation as a registered trustee when we assess whether you are fit and proper to be a registered liquidator.

## Disqualified persons: s1282(4)

RG 186.74    A registered liquidator must be eligible to be appointed as an external administrator (and to undertake the management) of any body corporate.

RG 186.75    A person who is disqualified from managing corporations is ineligible to be a registered liquidator under s1282(4) and is not a fit and proper person to be registered as a liquidator because they are inherently incapable of performing the duties of a registered liquidator. In our view, a person who has specific permission to manage only one or more bodies corporate by way of a 'carve out' from a general disqualification under Part 2D.6 is still disqualified from managing corporations generally.

RG 186.76    Section 206B sets out the reasons for disqualification that are potentially most relevant to applicants for registration as a liquidator. Under that section, a person is automatically disqualified from managing a corporation if they have been convicted of certain types of offences or if they are personally insolvent under Australian or foreign law.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

### Resident in Australia: s1282(5)

RG 186.77    Under s1282(5), we have a discretion to refuse to register as a liquidator a person who is not resident in Australia. 'Resident' is not defined in the Act. It is a word that can be used in a variety of senses, and its meaning depends on its context: *Henry v Boehm* (1973) 128 CLR 482. Its meaning in other legislative contexts does not determine its meaning for Part 9.2.

RG 186.78    In the context of liquidator registration, we interpret 'resident in Australia' as requiring a degree of permanence in the person's living arrangements in Australia, but not necessitating continuous physical presence in Australia.

RG 186.79    Our interpretation recognises that registered liquidators:

(a) are appointed as external administrators under Australian law and in that capacity will be applying Australian law;

(b) have obligations under Australian law to creditors (among others);

(c) must be able to be directly supervised by ASIC and the CALDB, and be subject to the jurisdiction and control of Australian courts;

(d) are appointed to external administrations that often last a number of years; and

(e) remain registered until their registration is cancelled or they die (see s1282(8)).

### Security: s1284

RG 186.80    If we grant your application for registration as a liquidator, you must lodge security for the due performance of your duties as a registered liquidator: s1284(1). This requirement provides a source of funds to compensate people who may suffer pecuniary loss if a registered liquidator fails to perform their duties adequately and properly: see reg 9.2.05(1).

RG 186.81    We will only grant your application for registration as a liquidator if we are satisfied that you comply (or will comply immediately upon registration) with our policy in RG 33 on this security.

RG 186.82    Under RG 33, you must:

(a) lodge a performance bond of the kind specified in RG 33; or

(b) meet the alternative compensation arrangements set out in RG 33.9A–RG 33.9C that we accept as the basis for adopting a no-action approach to non-compliance with s1284.

> Note: These alternative arrangements are that you:
> (a) hold a public practice certificate from a professional accounting body (as defined in 'Key terms') and undertake to maintain that public practice certificate; and
> (b) undertake to remain covered by insurance that meets the requirements for a public practice certificate and that satisfies RG 33.9B. The insurance must cover conduct of the registered liquidator (and staff acting on their behalf) in their capacity as an external administrator.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' 'TH AUSTRALIA
NOTARY PUBLIC

# B     What are your ongoing obligations as a registered liquidator?

## Our policy

RG 186.83     To remain registered as a liquidator, you must on an ongoing basis:

(a)  perform adequately and properly the duties and functions of a registered liquidator (see RG 186.84);

(b)  remain a fit and proper person to be registered (see RG 186.85–RG 186.90);

(c)  not become disqualified from managing corporations under Part 2D.6;

(d)  remain resident in Australia (see RG 186.91);

(e)  maintain security that complies with our policy on s1284 (see RG 186.92); and

(f)  lodge triennial statements under s1288 (see RG 186.93).

### Perform duties and functions adequately and properly

RG 186.84     The obligation to perform adequately and properly your duties and functions as a registered liquidator means that you must comply with all the legal and equitable duties under the Act, other domestic legislation and the general laws that apply to you in your capacity as a registered liquidator or as appointee to a particular external administration. This obligation includes adequately and properly managing absences: see RG 186.95 and RG 186.102–RG 186.105.

### Remain fit and proper

RG 186.85     We will consider that you are not fit and proper to remain registered as a liquidator if:

(a)  we consider that you are no longer capable of performing adequately and properly the duties and functions of a registered liquidator (see RG 186.87–RG 186.90); or

(b)  any of the circumstances or events referred to in RG 186.23 have occurred or apply to you.

RG 186.86     We *may* consider that you are no longer fit and proper to remain registered as a liquidator if:

(a)  any of the circumstances or events referred to in RG 186.24 have occurred or apply to you; or

(b)  you have ceased to be a member of a relevant professional body; or

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' 'TH AUSTRALIA
NOTARY PUBLIC

(c) we have received serious or numerous complaints about you or your staff.

This list is not exhaustive.

## No longer capable of performing duties

RG 186.87    We will consider that you are no longer capable of performing adequately and properly the duties and functions of a registered liquidator if we consider you do not have:

(a) sufficiently current Australian corporate insolvency knowledge, skills and experience (see RG 186.88–RG 186.90 and RG 186.113); or

(b) adequate practice capacities (see RG 186.114).

RG 186.88    When we consider whether you have sufficiently current Australian corporate insolvency knowledge, skills and experience, we will take into account:

(a) the number and type of insolvent Ch 5 appointments (that is, other than as liquidator in a members' voluntary winding up) you have taken;

(b) the nature and extent of your involvement in insolvent Ch 5 external administrations where you were not the external administrator;

(c) the nature and extent of your involvement in foreign corporate external administrations;

(d) the nature and extent of your involvement in other corporate insolvency work, in Australia or overseas, that in ASIC's opinion is sufficiently connected to the knowledge, skills and experience required to perform the duties and functions of a registered liquidator;

(e) the nature and extent of your participation in continuing professional development activities; and

(f) any other relevant factors.

RG 186.89.    We will generally consider that you do not have sufficiently current Australian corporate insolvency knowledge, skills and experience if you have not taken any Ch 5 appointments (other than as liquidator in a members' voluntary winding up) for 3 consecutive years.

RG 186.90    We *may* consider that you do not have sufficiently current Australian corporate insolvency knowledge, skills and experience if, for a consecutive period of more than 12 months, you have not:

(a) been engaged in any corporate insolvency work of the kind referred to in paragraphs (a)–(d) of RG 186.88; or

(b) undertaken appropriate continuing professional development activities.

Note: See also RG 186.95 and RG 186.112–RG 186.113.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

### Remain resident in Australia

RG 186.91    We will generally consider that you have ceased to be resident in Australia if you have lived outside Australia for a continuous period of more than 12 months.

> Note 1: This does not imply that absence from Australia for more than 12 months is the only circumstance where we may consider you have ceased to be resident in Australia.
>
> Note 2: See also RG 186.95.

### Maintain security

RG 186.92    We will treat non-compliance with our policy in RG 33 as grounds for applying to the CALDB to cancel or suspend your registration under s1292(2)(d) for failure to perform adequately and properly your duties as a registered liquidator.

### Lodge triennial statements

RG 186.93    We will generally only extend the time for lodging a triennial statement under s1288 if:

(a)    you apply for an extension before the due date for lodgement; and

(b)    we are satisfied that exceptional circumstances beyond your control will prevent you lodging it within time.

### Monitoring your compliance

RG 186.94    We will monitor your compliance with your ongoing obligations as a registered liquidator. When assessing your compliance, the factors we will take into account include whether you have:

(a)    contravened, or caused a body corporate of which you are external administrator to contravene, a provision of the Act or any other legal or equitable obligation;

(b)    complied with ASIC policy or other guidance on the adequate and proper performance of your obligations; and

(c)    complied with professional standards, practices and principles, including codes of conduct and statements of best practice of a relevant professional body or an insolvency industry body of which you are a member.

This list is not exhaustive.

RG 186.95    When assessing whether you have complied with the obligations in paragraphs (a), (b) or (d) of RG 186.83, we will take into account any information you have provided to us in connection with an extended absence: see RG 186.127–RG 186.132.

> Note: For the definition of extended absence, see 'Key terms'.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' ITH AUSTRALIA
NOTARY PUBLIC

### Transitional arrangements

RG 186.96    Our policy in this section applies immediately. We consider
that it does not impose any undue additional costs or other burdens on
currently registered liquidators that would warrant a transition period.

## Underlying principles

RG 186.97    Registered liquidators have legal and equitable
obligations under the Act, other domestic legislation and the general
law. Some of these obligations are express while others are inherent in,
or necessarily implied from, express obligations.

RG 186.98    ASIC and the public must have confidence that persons
who are on the register of liquidators maintained by ASIC under Part
9.2 are still capable of undertaking the work that a registered liquidator
is entitled to perform, are still fit and proper persons to undertake such
work and still satisfy the other criteria for gaining registration.

## Explanation

RG 186.99    Under s1282(8), a person's registration as a liquidator
lasts until it is cancelled or the person dies. A registered liquidator may
ask ASIC to cancel their registration: s1290(1).

> Note See also RG 186.133–RG 186.137.

RG 186.100   Alternatively, on an application by ASIC, the CALDB:

(a)  may cancel or suspend a registered liquidator's registration for
     breaches of specific and general obligations (s1292(2)); and

> Note: The CALDB may also impose other sanctions under s1292(9).

(b)  must cancel a registered liquidator's registration in the event of
     disqualification under Part 2D.6 or mental infirmity (s1292(7)).

RG 186.101   The CALDB's power to cancel or suspend the registration of,
or otherwise sanction, a registered liquidator means that registered liquidators
have ongoing obligations to conduct themselves and perform their duties and
functions in a way that does not trigger the CALDB's powers.

### Perform duties and functions adequately and properly

RG 186.102   To perform adequately and properly the duties and
functions of a registered liquidator, you must comply with all the
obligations that apply to you in your capacity as a registered liquidator
or as appointee in a particular external administration.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' TH AUSTRALIA
NOTARY PUBLIC

RG 186.103   These obligations include:

(a)   general law duties to exercise reasonable care, competence and skill, and to perform your duties and functions with the highest standards of honesty and integrity; and

(b)   statutory duties in s180–184 (including care and diligence and good faith).

RG 186.104   You also have express statutory obligations under Part 9.2 to lodge (as applicable) various particulars about yourself and your practice.

> Note: These obligations are to lodge:
> (a)   within 21 days, particulars if you cease to practise as a registered liquidator, change your name, change your principal place of practice or change the name of your practice (s1287(2)): see Form 905A.
> (b)   within 3 days, particulars if you become disqualified under Part 2D.6 from managing corporations (s1287(4)): see Form 906.

RG 186.105   The CALDB may cancel a liquidator's registration if the liquidator fails to perform adequately and properly their duties or functions: s1292(2)(d). We may make an application to the CALDB if we consider that you have not performed your duties or functions adequately and properly.

## Implied duty to resign in certain cases

RG 186.106   The obligation to perform adequately and properly your duties or functions as a registered liquidator may include an obligation to promptly take steps to resign from a particular appointment if an event occurs that disentitles you from continuing to hold that appointment: see *ASIC v Lockwood* SC Vic, No. 04/412, 21 May 2004.

RG 186.107   You may become disentitled to remain as a particular external administrator because:

(a)   you have become disqualified under Part 2D.6;

(b)   your registration as a liquidator has been cancelled;

(c)   you have become an insolvent under administration;

(d)   of some other reason.

RG 186.108   In certain cases, you may have a duty to resign if a conflict arises between your duties as external administrator and your own interests, or between the duties you owe as external administrator to different entities.

RG 186.109   If you resign from one or more appointments, you must lodge with ASIC the appropriate notice of termination of appointment for each relevant appointment: see Form 505. Registered liquidators should note that their disqualification under Part 2D.6 or cancellation of their registration as a liquidator does not automatically result in a change to information on the public register about their status as external administrator of a particular entity.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' ITH AUSTRALIA
NOTARY PUBLIC

### Remain fit and proper

RG 186.110   When we assess whether you are fit and proper to remain registered, we will take into account:

(a)  whether you are still capable of performing adequately and properly the duties and functions of a registered liquidator;

> Note: We consider that a person who is no longer capable of adequately and properly performing the duties and functions of a registered liquidator is no longer a fit and proper person to remain a registered liquidator: see RG 186.69 and RG 186.112–RG 186.114.

(b)  whether any of the circumstances or events referred to in RG 186.23 or RG 186.24 have occurred or apply to you;

(c)  your relationship with a relevant professional body of which you are or have been a member since your registration;

> Note: This includes whether you have ceased to be a member of the body and, if so, the reasons. Our view on whether you remain fit and proper to be registered will be negatively influenced by a decision of a relevant professional body that you are no longer fit and proper to be one of its members.

(d)  the number and seriousness of any complaints we have received about you and/or your staff; and

> Note: Substantiated complaints may indicate either that you are not performing your duties or functions adequately and properly, or that you are otherwise not fit and proper to remain registered.

(e)  any other relevant factors.

RG 186.111   The CALDB may cancel a liquidator's registration if they are not a fit and proper person to remain registered: s1292(2)(d). We may make an application to the CALDB if we consider that you are not a fit and proper person to remain a registered liquidator.

### No longer capable of performing duties

RG 186.112   To remain capable of adequately and properly performing the duties and functions of a registered liquidator, you must maintain:

(a)  the currency of your knowledge, skills and experience (see RG 186.113); and

(b)  the adequacy of your practice capacities (see RG 186.114).

RG 186.113   We expect you to maintain the currency of your knowledge, skills and experience by:

(a)  taking insolvent Ch 5 appointments;

> Note: This is why we registered you, and it is the most effective way of maintaining the knowledge, skills and experience that a registered liquidator needs to adequately and properly perform their duties and functions. We will generally consider that your knowledge, skills and experience are not sufficiently current if you have not taken any insolvent Ch 5 appointments for 3 years, whether or not you have been engaged in other corporate insolvency work. In relation to the exclusion of members' voluntary liquidations,



KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SO' 'TH AUSTRALIA
NOTARY PUBLIC

see RG 186.52. We think a 3-year period adequately allows for the cyclical nature of corporate insolvencies, and that if you have taken no new insolvent Ch 5 appointments in 3 years, you are likely to have ceased practising as a registered liquidator.

(b) undertaking other corporate insolvency work of the kind referred to in paragraphs (b)–(d) of RG 186.88 if, for some reason, you are not able to take any insolvent Ch 5 appointments for a period of up to 3 years; and

> Note: For paragraph (d) of RG 186.88, the types of other corporate insolvency work that we will generally consider to be 'sufficiently connected' are:
>
> (a) insolvency advisory work for corporate reconstructions or informal work-outs;
>
> (b) secondment to or engagement by ASIC doing insolvency work;
>
> (c) secondment to or engagement by a lending institution in a debt management or advisory role focusing specifically on insolvent or potentially insolvent corporate borrowers;
>
> (d) technical or training roles in a corporate insolvency practice; and
>
> (e) technical roles in an insolvency professional organisation.
>
> However, we will *not* consider as being 'sufficiently connected' your work in a practice management or risk management role in an insolvency practice, or other work that does not substantially involve the application of specific insolvency knowledge and skills.

(c) undertaking continuing professional development activities (CPD) in accountancy, commercial law or corporate insolvency law and practice, as appropriate to remain up-to-date with developments affecting your work as a registered liquidator.

> Note: Registered liquidators who are members of a relevant professional body usually must meet specific CPD requirements to remain a member. Compliance with those CPD requirements may enable a registered liquidator to remain sufficiently up-to-date for our purposes, provided the CPD they undertake is connected to their work as a registered liquidator. Otherwise, we expect registered liquidators to remain appropriately up-to-date by, for example, attending professional development programs offered by the IPAA or other reputable education providers.

**RG 186.114**  We expect you to maintain the ongoing adequacy of your practice capacities by continuously monitoring your resources and the demands of your current and anticipated workload. It is particularly important for registered liquidators whose practice undergoes changes or who move to a different practice to ensure that their practice capacities remain adequate.

## Notifying ASIC

**RG 186.115**  Even though there is currently no express obligation under the Act, we expect you to notify us within 21 days if any circumstance or event occurs or applies to you that means we will or may consider that you are no longer a fit and proper person to be registered.

> Note: This specifically includes (but is not limited to) a circumstance or event mentioned in RG 186.23–RG 186.24.

**RG 186.116**  We also expect registered liquidators to request cancellation of their registration if, under our policy, they are no longer fit and proper to remain registered, including for one of the reasons set out in RG 186.133.

> Note: See also RG 186.134–RG 186.137.

AREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

REGULATORY GUIDE 186: External administration: Liquidator registration

RG 186.117   These measures will help us ensure that only persons who are fit and proper to be registered liquidators remain on the register.

### Not become disqualified

RG 186.118   A registered liquidator who becomes disqualified from managing corporations under Part 2D.6 of the Act is automatically no longer entitled to hold any appointment as an external administrator, and therefore has an inherent obligation immediately to take steps to resign from all the appointments held at that time. If they fail to do so, we may take action to compel removal. Depending on the type of appointments held at the time, we may also seek appointment of a replacement external administrator.

RG 186.119   In our view, a registered liquidator who is no longer eligible to be appointed as any type of external administrator is also no longer a fit and proper person to be a registered liquidator. If you do not request cancellation of your registration under s1290(1) immediately upon becoming a disqualified person, we will apply to the CALDB for cancellation of your registration under s1292(7) and/or 1292(2)(d).

> Note: For details of how to apply for cancellation of your registration, see RG 186.133–RG 186.137.

### Remain resident in Australia

RG 186.120   The CALDB may cancel a liquidator's registration if they cease to be resident in Australia: s1292(2)(d). We may make an application to the CALDB if we consider that you have ceased to be resident in Australia.

### Maintain security

RG 186.121   Registered liquidators have an express obligation under s1284(1) to maintain security. If you are relying on alternative insurance arrangements under RG 33.9A–RG 33.9C, you must:

(a)  comply at all times with that policy; or

(b)  immediately provide a performance bond that complies with RG 33.

### Lodge triennial statements

RG 186.122   Registered liquidators must lodge a triennial statement under s1288 within 1 month after the third anniversary date of registration, and thereafter at 3-yearly intervals: see Form 908.

RG 186.123   The information provided in a triennial statement is intended to help us monitor a registered liquidator's compliance with ongoing obligations. We will therefore only exercise our power under s1288(4) to extend the period for lodging a triennial statement if we are



·N MARIE OLSSON
·NG WILLIAM STREET
ADELAIDE 5000
SO' 'TH AUSTRALIA
NOTARY PUBLIC

satisfied that exceptional circumstances beyond the control of the
registered liquidator will prevent the registered liquidator from lodging
the statement within time.

> Note: Examples of exceptional circumstances may be sudden injury or serious
> ill health. We do not consider that a heavy workload or preventable circumstances
> are exceptional circumstances beyond a registered liquidator's control.

RG 186.124   The CALDB may cancel a liquidator's registration if
they fail to lodge a triennial statement: s1292(2)(a)(i).

## Monitoring your compliance

RG 186.125   We have direct powers under s1292 to apply to the
CALDB for cancellation or suspension of your registration as a
liquidator and/or for one of the lesser sanctions referred to in s1292(9).

RG 186.126   We also have power under various provisions of the Act
to apply to the court in relation to your conduct or proposed conduct as
a registered liquidator in your capacity as a particular external
administrator: see, for example, s423(2), 447E(3), 536(2), 1324(1)–(2).

### Extended absence

RG 186.127   We consider that when you take extended leave from
work or are absent from Australia for an extended period, you
potentially breach (at least) the ongoing obligations to:

(a)  perform adequately and properly your duties as a registered
     liquidator (particularly where you still hold an appointment);

> Note: External administrators must personally attend to each external administration,
> even if they are appointed jointly and severally.

(b)  remain fit and proper to be registered;

> Note: While you are on leave, you are not continuing to accept appointments and
> may not be sufficiently maintaining the currency of your knowledge, skills and
> experience. This means you are potentially failing to remain capable of performing
> adequately and properly your duties and functions.

(c)  remain resident in Australia.

> Note: Whether this obligation is breached will depend partly on the length of time
> you are outside Australia.

RG 186.128   However, we recognise that you may have valid reasons
for taking leave from work or for leaving Australia for a period longer
than 3 months (e.g. to undertake further study, to gain complementary
experience, or for family reasons).

RG 186.129   Therefore, we will generally not take regulatory action
against you for failure to comply with the obligations in paragraphs (a),
(b) or (d) of RG 186.83 during a period of extended absence if, before

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

you start the extended absence, you give us written notice of:

(a) your proposed extended absence, indicating approximate start and finish dates, reason for absence and the country or countries where you intend to spend the absence; and

(b) the arrangements you have made for:

  (i) your continuing appointments (if any), including transfer of your files; and

  (ii) maintaining your performance bond or insurance under RG 33.

RG 186.130   Our 'no-action' approach will generally be limited to 12 months from the start of your absence and will not exceed 3 years. It will only apply to non-compliance that occurs by reason of or during the period of extended absence. In the case of the obligation to remain fit and proper, it will only apply to the aspect of fitness and propriety that relates to your maintenance of current knowledge, skills and experience. We may impose conditions on taking a 'no-action' approach in a particular case.

RG 186.131   We ask you to give us 2 months' notice of your intended extended absence so that we can discuss with you (if necessary) aspects of your arrangements to cover your absence. However, if this amount of notice is not practical, you should give us as much notice as possible. Whatever the reason for your extended absence or your location while absent, we will need contact details so that we can communicate directly with you while you are absent.

RG 186.132   Telling us the reason for your absence and the country or countries where you will spend your time means that we can assess the relevance of any work you do during your absence for your ongoing registration in Australia.

### Cancelling your registration

RG 186.133   You may ask us to cancel your registration as a liquidator under s1290(1) at any time. We expect you to request cancellation of your registration if:

(a) you cease to practise as a registered liquidator;

(b) you have not taken any Ch 5 appointments for 3 years (see RG 186.89 and paragraph (a) of RG 186.113), unless you have informed us that this is only because you are completing existing appointments prior to ceasing to practise as a registered liquidator;

(c) you leave Australia permanently, or you have lived outside Australia for 12 months and you do not intend to return immediately (see RG 186.91);

(d) you become a disqualified person under Part 2D.6; or

(e) you cease to be fit and proper to remain registered for any other reason.



KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

REGULATORY GUIDE 186: External administration: Liquidator registration

RG 186.134    We expect you to request cancellation of your registration in these situations even though there is currently no express obligation under the Act to do so. This is so that the register contains only the names of persons who remain fit and proper to be registered.

RG 186.135    If you do not request cancellation of your registration in these situations, we have the power to apply to the CALDB for cancellation of your registration under s1292(2), and under s1292(7) in the case of disqualification under Part 2D.6.

RG 186.136    We have a discretion whether to grant your request for cancellation and will not automatically grant it. We will generally only cancel your registration under s1290(1) if:

(a) we are satisfied that you have made adequate arrangements for transferring your files, resigning from all your appointments and, if relevant, replacing you as appointee; and

(b) there are no outstanding applications to the CALDB in relation to your conduct and we are not considering making such an application; and

(c) there is no legal action pending against you or that otherwise involves you in your capacity as an external administrator.

### RG 186.137  How to apply to cancel your registration

A    If you have ceased to practise because you have become a disqualified person under Part 2D.6, you should lodge the following forms at the same time:

- Form 906 (notification of disqualification) within 3 days of becoming disqualified; and
- Form 905A (notification of cessation) with the lodgement fee (Form 906 does not contain a section for requesting cancellation of your registration); and
- Form 505 for each terminating appointment (see RG 186.109).

B    If you have ceased to practise for reasons other than because you have become a disqualified person, you should:

- complete the relevant section in Form 905A; and
- lodge Form 905A (with the lodgement fee) within 21 days of ceasing to practise.

    Note: For example, you may have ceased to practise because you are no longer resident in Australia, because you are no longer able to comply with our policy on s1284 (security or alternative insurance arrangements) or because you wish to retire.

C    If Form 905A is not appropriate to your circumstances, you should make your request in writing and send it to:

    Liquidator Registration Team,
    Australian Securities and Investments Commission,
    GPO Box 9827, Adelaide SA 5001.

You can also contact ASIC Infoline on 1300 300 630 for general information and assistance.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

# C    Other categories

## Our policy

### Official liquidator

RG 186.138   We will register a liquidator as an official liquidator if:

(a) we receive from the registered liquidator:

   (i)   a written request for registration under s1283 that briefly states why registration as an official liquidator is sought;

   (ii)  a written undertaking to ASIC that, if they are registered as an official liquidator, they will not refuse consent to act as liquidator in a court winding up solely because the company in question has no assets or otherwise appears to have insufficient funds to cover their anticipated costs of the liquidation;

   (iii) a written acknowledgement that, when appointed by the court to conduct a particular winding up, an official liquidator is an officer of the court and as a result has responsibilities to the court in connection with that external administration; and

   (iv)  the prescribed fee; and

(b) we are satisfied that there is no reason based on fitness and propriety why we should refuse the request.

RG 186.139   We will accept concurrent applications for registration as a liquidator and as an official liquidator. If we refuse your application for registration as a liquidator, we will automatically refuse your application for registration as an official liquidator.

### Liquidator of a specified body corporate

RG 186.140   We will not register a person as liquidator of a specified body corporate if the body corporate is or may be insolvent.

### Transitional arrangements

RG 186.141   Our policy in this section applies immediately and replaces our policy in [SPS 24] on the additional criteria we require a registered liquidator to have for registration as an official liquidator.

RG 186.142   If, when this guide is published, you have been a registered liquidator for less than 2 years and you wish to be registered as an official liquidator, we will not be satisfied of your fitness and propriety under paragraph (b) of RG 186.138 unless you demonstrate that you have the minimum corporate insolvency experience and practice capacities set out in RG 186.19–RG 186.20. See also RG 186.149.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

RG 186.143   If you are currently an official liquidator, we encourage you to provide the same undertaking and acknowledgement that we require from applicants for registration as an official liquidator under paragraphs (a)(ii) and (iii) of RG 186.138.

## Underlying principles

RG 186.144   The Act distinguishes between registered liquidators and official liquidators in that only an official liquidator may be appointed by the court to be a provisional liquidator or liquidator of a company: see s472(1)–(2) and 532(8).

RG 186.145   In view of developments in corporate insolvency law and practice (particularly the introduction of Part 5.3A), we consider that there is no significant policy justification for ASIC to continue to distinguish between the experience and resources required for registered liquidators who may be appointed by the court and those who may not.

RG 186.146   Our policy therefore aims to minimise the additional requirements for registration as an official liquidator while recognising the legislative distinction between the two categories.

## Explanation

### Official liquidator

RG 186.147   We have a discretion to register as official liquidators as many registered liquidators as we think fit: s1283(3). We also have a discretion under s1291 to cancel or suspend an official liquidator's registration or restrict conduct by an official liquidator.

RG 186.148   We will register as an official liquidator any registered liquidator who provides us with the items in paragraph (a) of RG 186.138, unless we are satisfied that there is a reason based on fitness and propriety for refusing the request. We will accept any reason for seeking registration as an official liquidator, as long as it is reasonable on its face.

RG 186.149   We think that it is appropriate to review your fitness and propriety before we accept the written undertaking and acknowledgement in paragraphs (a)(ii) and (iii) of RG 186.138. Therefore:

(a)   if you are already a registered liquidator, refusal of your application on fitness and propriety grounds will generally be based on our assessment of your conduct and reputation while a registered liquidator, including whether we may need to impose conduct restrictions through an undertaking under s1291(2); and

(b)   on a transitional basis, if you have been a registered liquidator for less than 2 years at the date of publication of this guide, we will also consider your corporate insolvency experience and practice capacities: see RG 186.142.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

RG 186.150   We consider it is no longer appropriate to require registered liquidators seeking registration as an official liquidator to:

(a)  have additional experience or resources; or

> Note: This is because our policy in Sections A and B will mean that registered liquidators will have the minimum experience and type of practice resources that we currently require for official liquidators under [SPS 24].

(b)  declare to us in advance that they will consent to all appointments by a specified court.

> Note: We take this view because s532(9) is company-specific. In addition, for the purposes of s532(9), most Australian courts require the applicant for a winding-up order to file a consent to act for the particular company signed by the proposed official liquidator, before a liquidator or provisional liquidator is appointed.

RG 186.151   However, it is essential that a potentially assetless company be able to be wound up by the court. Therefore, a registered liquidator applying for registration as an official liquidator must undertake not to refuse consent to act as liquidator in a court winding up solely on the grounds that the company is assetless or appears to have insufficient funds to cover the liquidator's anticipated professional fees and expenses in the liquidation. We will treat a breach of this undertaking as grounds for using our powers under s1291(1) to cancel or suspend the person's registration as an official liquidator.

RG 186.152   All registered liquidators appointed as external administrators have fiduciary duties and duties of care, impartiality and integrity. The performance of their duties and the exercise of their powers is subject to supervision by the court whether they are appointed by the court or not: see, for example, s423, 447E, 472(6), 536 and 1321.

RG 186.153   However, we consider that an applicant for registration as an official liquidator should specifically acknowledge the special relationship that exists between an official liquidator and the court that appoints them to a particular winding up.

## Liquidator of a specified body corporate

RG 186.154   Under s1282(3), we must (subject to s1282(4) and (5)) grant an application for registration as liquidator of a specified body corporate if we are satisfied that the applicant has sufficient experience and ability (and is a fit and proper person) to act as liquidator of the body given:

(a)  the nature of its property or business; and

(b)  the interests of its creditors and contributories.

RG 186.155   We will not be satisfied about the matters set out in s1282(3) if the body corporate is or may be insolvent. In our view, it will never be in the interests of the creditors and contributories of an insolvent body corporate for the body to be wound up by a person who is not registered as a liquidator on a general basis.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

RG 186.156   A person registered as liquidator of a specified body corporate may only act as liquidator of the named body and not any other body. They may not act as any other type of external administrator: see s532(1)(b), 532(4) and 532(8).

Note: A person who is not registered under any category in Part 9.2 may act as:

(a)   a liquidator of a solvent proprietary company under a members' voluntary winding up (see s532(4)); or

(b)   a controller who is not a receiver or a receiver and manager (see s9 definition of 'controller' and s418(1)(d)).

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

© Australian Securities and Investments Commission September 2005

Exhibit B, Page 43

# Key terms

RG 186.157   In this guide, the following terms have the following meaning:

**Act**   *Corporations Act 2001* (Cth).

**administrator**   Has the same meaning as in s9.

**ASIC**   Australian Securities and Investments Commission.

**ATO**   Australian Taxation Office.

**Bankruptcy Act**   *Bankruptcy Act 1966* (Cth).

**CALDB**   Companies Auditors and Liquidators Disciplinary Board.

**Ch 5 (for example)**   A Chapter of the Act (in this example, numbered 5).

**Ch 5 appointment**   An appointment as external administrator in a Ch 5 external administration.

**Ch 5 external administration**   An external administration regulated under Ch 5.

**CLERP 9 Act**   *Corporate Law Economic Reform Program (Audit Reform and Corporate Disclosure) Act 2004* (Cth).

**controller**   Has the same meaning as in s9.
> Note: It therefore includes 'managing controller', 'receiver' and 'receiver and manager'.

**DCA**   Deed of company arrangement.

**deed administrator**   Administrator of a DCA.

**extended absence**   A period of leave from work or absence from Australia that is longer than 3 months.

**external administration**   Where an external administrator is appointed.

**external administrator**   Scheme administrator, voluntary administrator, deed administrator, controller, provisional liquidator or liquidator, or a relevant overseas equivalent.

**ICAA**   Institute of Chartered Accountants in Australia.

**IPAA**   Insolvency Practitioners Association of Australia.

**ITSA**   Insolvency and Trustee Service of Australia.

**liquidator**   A person appointed to wind up the affairs and distribute the property of a body corporate.

**managing controller**   Has the same meaning as in s9.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

**NIA**   National Institute of Accountants.

**NOOSR**   National Office of Overseas Skills Recognition

**Part 9.2** (for example)   A Part of the Act (in this example, numbered 9.2).

**practice**   The firm or other business structure (whether incorporated or unincorporated) through or by means of which a person conducts or intends to conduct their work as a registered liquidator.

**principal**   A partner or sole practitioner of an unincorporated practice, or a member of the board of directors of an incorporated practice.

**professional accounting body**   ICAA, CPA Australia or NIA.

**provisional liquidator**   A person appointed by the court under s472(2).

**receiver**   A person appointed under an instrument or by the court to receive property of a body corporate, who does not manage, and under the terms of the person's appointment does not have power to manage, affairs of the body corporate.

**receiver and manager**   Has the same meaning as in s9.

**reg 9.2.01** (for example)   A regulation in the *Corporations Regulations 2001* (in this example, numbered 9.2.01).

**registered liquidator**   A person registered by ASIC under s1282(2).

**relevant professional body**   A body that, in relation to its members (whether generally in their capacity as a member, or specifically in relation to performance of their duties as corporate insolvency practitioners):

(a)   sets standards for professional competency and ethics (including independence and management of conflicts of interest); and

(b)   monitors professional performance and exercises disciplinary functions.

**s1282** (for example)   A section of the Act (in this example, numbered 1282).

**scheme administrator**   A person appointed to administer an arrangement under Part 5.1.

**voluntary administrator**   An administrator of a company but not of a DCA.

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

# Related information

RG 186.158

**Headnotes**

External administration, registration of liquidators, registered liquidator, official liquidator, liquidator of specified body corporate, corporate insolvency

**Regulatory guides**

RG 33 *Security deposits*

**Other documents**

Liquidator registration kit, *How to apply for registration as a liquidator* (September 2005), available at www.asic.gov.au/insolvency

CP 55 *External administration: Liquidator registration* (October 2004)

**Policy statements**

Superseded Policy Statement 24 *Registration of official liquidators* [SPS 24]

Superseded Policy Statement 40 *Registration of liquidators—experience criteria* [SPS 40]

**Legislation**

*Corporations Act 2001*, Chapter 5, Chapter 9, Part 2D.6, Part 5.3A, Part 9.2, s180-184, 206B, 206F, 206G, 411, 418, 423, 447E, 448B, 472, 532, 536, 1279, 1282, 1283, 1284, 1287, 1288, 1290, 1291, 1292, 1321, *Corporations Regulations 2001*, reg 9.2.02, 9.2.04, 9.2.05, *Bankruptcy Act*, Part IX, Part X, s50, 188

**Cases**

*Australian Broadcasting Tribunal v Bond* (1990) 170 CLR 321

*ASIC v Lockwood* SC Vic, No. 04/412, 21 May 2004

*Davies v Australian Securities Commission* (1995) 131 ALR 295

*Henry v Boehm* (1973) 128 CLR 482

*Hughes and Vale Pty Ltd v The State of NSW (No. 2)* (1955) 93 CLR 127

*Re Lofthouse and ASIC* [2004] AATA 327

*Re Su and the Tax Agents' Board of SA* (1982) 82 ATC 4284

*Stasos v Tax Agents' Board of NSW* (1990) 90 ATC 4950

**Information releases**

[IR 04-51] ASIC releases policy proposal paper on External administration: Liquidator registration (8 October 2004)

KAREN MARIE OLSSON
80 KING WILLIAM STREET
ADELAIDE 5000
SOUTH AUSTRALIA
NOTARY PUBLIC

# EXHIBIT C

**20 Largest Claims of Avastra Sleep Centres Ltd (In Liqudation) as at 7 March 2011**

| Creditor | Address | | Claim (A$) |
|---|---|---|---|
| The New Millennium Fund Pty Ltd | Level 12, 234 George Street | SYDNEY  NSW  2000 | 725,257.86 |
| Paul Ralph | 168/5 Wulumay Close | ROZELLE  NSW  2039 | 611,513.64 |
| Ross Beaumes & Sally Munro | 6015/6 Parkland Blvd | BRISBANE  QLD  4000 | 120,987.19 |
| Geoff Garside | Unit 17, The Dorchester Apartments, 3 Garfield Terrace | SURFERS PARADISE QLD 4217 | 62,000.00 |
| Chamonix Investments Pty Ltd | 44 Cascade Street | PADDINGTON  NSW  2021 | 54,794.25 |
| Bruce Hatchman | PO Box 6209 | KANGAROO VALLEY NSW 2577 | 50,000.00 |
| WHK Horwath Brisbane | 120 Edward Street | BRISBANE QLD 4001 | 47,575.00 |
| Clayton Utz Solicitors | Level 28, Riparian Plaza 71 Eagle Street | BRISBANE QLD 4000 | 45,646.00 |
| Australian Taxation Office | Insolvency Department PO Box 1129 | PENRITH NSW 2751 | 41,272.00 |
| Burger Power Pty Ltd | 132 Meredith Street | BANKSTOWN  NSW  2200 | 41,175.00 |
| BDO Kendalls | Level 18, 300 Queen Street | BRISBANE QLD 4000 | 38,500.00 |
| Mark Edwards | 44 Cascade Street | PADDINGTON  NSW  2021 | 35,718.75 |
| Georgina Machart | 32 Monash Crescent | CLONTARF  NSW  2093 | 29,511.20 |
| Gordon Baynton | 46 Pattison Street | ROCKHAMPTON  QLD  4700 | 22,500.00 |
| Glenys Baynton | 46 Pattison Street | ROCKHAMPTON  QLD  4700 | 20,000.00 |
| WHK Pty Ltd | 120 Edward Street | BRISBANE QLD 4001 | 18,003.00 |
| Ross Beaumes & Sally Munro, as trustee for the Beumes Munro Super Fund | 6015/6 Parkland Blvd | BRISBANE  QLD  4000 | 16,021.95 |
| C&D Financial Services Pty Ltd | 8 Abigail Street | HUNTERS HILL NSW 2110 | 4,048.00 |
| Colorado Investments Pty Ltd | 168/5 Wulumay Close | ROZELLE  NSW  2039 | 3,300.00 |
| ASX Operations Pty Ltd | PO Box H224 | AUSTRALIA SQUARE NSW 1215 | 2,836.00 |