James S. Monroe (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423
Email: jim@monroe-law.com

Attorneys for JOHN SHEAHAN AND IAN RUSSELL LOCK,
as Joint and Several Liquidators of
AVASTRA SLEEP CENTRES LIMITED (A.C.N. 094 446 803) (In Liquidation)

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: <br><br> AVASTRA SLEEP CENTRES LIMITED <br> (A.C.N. 094 446 803) (In Liquidation), <br><br> Debtor in a Foreign Proceeding. | Case No. 8:11-bk-18194 <br><br> Chapter 15 <br><br> **DECLARATION OF GLENN DAVIS IN SUPPORT OF VERIFIED PETITION** |

I, Glenn Davis, hereby declare as follows:

1. I am an attorney and am associated with the firm of DMAW Lawyers, Level 3, 80 King William Street, Adelaide, South Australia 5000. I am counsel to Messrs. John Sheahan and Ian Russell Lock in their capacities as joint and several liquidators (the "Liquidators") of Avastra Sleep Centres Limited (Australian Company Number 094 446 803) (in liquidation), formerly known as Avastra Ltd. and Astravia Ltd. (the "Company"), as appointed pursuant to sections 439C(c) and 446A of the *Corporations Act* 2001 (the "Corporations Act"), an Act of the Federal Parliament of Australia.

2. I am admitted to the South Australian Supreme Court and to the Federal and High Courts of Australia.

3. This Declaration is comprised of matters that are statements of legal opinion and/or

1

DECLARATION OF GLENN DAVIS

statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements represent my view of Australian and South Australian law as a lawyer admitted to practice in these jurisdictions.

4. Where the matters stated in this Declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this Declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information supplied to me by or on behalf of the Liquidators and are true to the best of my knowledge, information and belief.

5. I make this Declaration in support of the Liquidators' *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* (the "Verified Petition") filed contemporaneously with this Declaration, seeking this Court's recognition of the Company's Australian liquidation proceeding as a "foreign main proceeding" as that term is defined pursuant to section 1502(4) of title 11 of the United States Code, 11 U.S.C. § § 101-1532, as amended from time to time (the "Bankruptcy Code").

**A.    Introduction**

6. The Debtor is a corporation organized and existing under the Corporations Act and was registered as an Australian Public Company on September 12, 2000. It is identified by its Australian Company Number (A.C.N.) 094 446 803. A true and correct copy of the Debtor's Certificate of Registration with ASIC is attached to the Verified Petition as **Exhibit A**. The Debtor's registered office with the ASIC is situated at Level 8, 26 Flinders Street Adelaide, South Australia, 5000, given that its assets have been sold and it has no on-going operations apart from liquidation.

7. The Liquidators were appointed on August 3, 2009 as joint and several administrators of the Company under Part 5.3A of the Corporations Act. They were then appointed as joint and several liquidators of the Company at the meeting of the creditors of the Debtor on September 4, 2009, and pursuant to the Corporations Act. A certified copy of the document evidencing the appointment of the Liquidators and filed with ASIC on September 8, 2009 is attached as **Exhibit D** to the Verified Petition, filed contemporaneously with this Declaration.

-2-

DECLARATION OF GLENN DAVIS

8. ASIC is a Commonwealth statutory corporation created by section 7 of the *Australian Securities and Investments Commission Act* 1989 (the "ASIC Act"), and is continued in existence by Section 261 of the ASIC Act. ASIC has powers found in the ASIC Act as well as the Corporations Act.

9. Upon appointment, the Liquidators commenced a creditors' voluntary winding up pursuant to the Corporations Act. A creditors' winding up is a voluntary dissolution of a company, with its assets being collected and realized, and its debts and liabilities (if any) discharged, with any remaining balance distributed among the equity holders. The Liquidators serve in a fiduciary capacity to the company's members and creditors and operate independently of the company's management.

10. The conduct of a creditors' voluntary winding up is governed by the Corporations Act and the Liquidators' conduct is subject to the ultimate supervision of the Court (where "Court" is defined in the relevant sections of the Corporations Act as either of the Federal Court or the Supreme Court of a State or Territory (§ 58AA)).

**B.    Liquidators' Duties**

11. The Liquidators owe a fiduciary duty to the Debtor, the Debtor's creditors and the Debtor's members. In addition, by virtue of the Corporations Act, the Liquidators are officers of the Debtor who owe the following statutory duties:

    (i) to act honestly, in good faith, for proper purposes and in the best interests of Debtor (Corporations Act, § 181);

    (ii) to avoid a conflict of the Liquidators' personal interests with the interests of Debtor, its members and its creditors, including not profiting from their position as Liquidators (Corporations Act, § 182); and

    (iii) to not make improper use of inside information to gain an advantage (Corporations Act, § 183).

12. The Court enforces compliance with these fiduciary and statutory duties.

13. The Liquidators are also bound by the following statutory and common law duties:

DECLARATION OF GLENN DAVIS

      (i)    to act impartially, and not to favor anyone nor act as an agent of any group (*Re Intercontinental Properties Pty Ltd* (1977) 2 ACLR 488);

      (ii)    to complete the administration of the affairs of the Debtor within a reasonable time and without protracting the liquidation where there is no reason to do so (Corporations Act, § 480(a));

      (iii)    to seek the advice of professionals in areas in which they are not qualified (*City & Suburban v Smith as liquidator of Conpac* (1998) 28 ACSR 328);

      (iv)    to act with a reasonable degree of care and skill (*Gray v Bridgestone Aust Ltd* (1986) 4 ACLC 330);

      (v)    to preserve and take possession of Debtor assets, including taking an inventory of assets, insuring them, wisely investing funds and defending any legal action against the Debtor for recovery of assets or claims for damages; and

      (vi)    to keep proper books containing entries or minutes of proceedings at meetings and other such matters as prescribed (Corporations Act, §§ 531, 542).

**C.**    **Liquidators' Powers**

14.    The powers of the Liquidators are set out in the Corporations Act and, in particular in Part 5.5 of the Corporations Act, and include:

      (i)    the powers conferred on a liquidator in a winding up in insolvency by the Court (Corporations Act, § 506(1)(b))(other than the powers specified in §438(3)(b)), including to:

           (a)    settle a list of contributories (persons liable as shareholder members or past members to contribute to the Debtor's property on the winding up);

           (b)    rectify the register of members; and

           (c)    collect the Debtor's property and apply it in discharge of its liabilities.

      (ii)    in addition to these general powers, the Liquidators have a number of specific powers, including:

DECLARATION OF GLENN DAVIS

       (a)    the power to bring or defend legal proceedings in the name of the Debtor (Corporations Act, § 477(2)(a));

       (b)    the power to do all such other things as are necessary for winding up the affairs of the Debtor and distributing its property (Corporations Act, §§ 477(2)(m));

       (c)    ascertaining and taking possession of all property of the Debtor (Corporations Act, § 474(1));

       (d)    the power to sell, or otherwise dispose of, all or any part of Debtor property (§ 477(2)(c));

       (e)    the power to appoint a solicitor to help the Liquidators with their duties (Corporations Act, § 477(2)(b));

       (f)    the power to do all acts and execute in the Debtor's name and on behalf of the Debtor all deeds, receipts and other documents, and when necessary, use the Debtor seal (Corporations Act, § 477(2)(d)); and

       (g)    the power to draw, make and indorse any bill of exchange or promissory note in the name and on behalf of the Debtor (Corporations Act, § 477(2)(f)).

(iii)    the Liquidators' powers are conferred on them for the purpose of completing the winding up. These powers include:

       (a)    the ability to apply to the Court to obtain an order that those in possession deliver up the records or the property of the Debtor (Corporations Act, §§ 483(1), 500(3));

       (b)    the power to fix a time within which debts and claims must be proved (Corporations Act, § 506(1)(e));

       (c)    the power to attend to making a final account and convening a meeting to explain the accounts to members (Corporations Act, § 509(1));

DECLARATION OF GLENN DAVIS

  (d) the ability to convene meetings to ascertain the wishes of creditors and contributors of the Debtor (Corporations Act § 488(1)(a)); and

  (e) the power to do all such other things as are necessary for the winding up of the affairs of the Debtor and distributing Debtor property (Corporations Act, § 477(2)(m)).

### D. The Liquidators' Actions are Subject to Court Supervision

15. The Court has the power to remove one liquidator and appoint another liquidator (Corporations Act, § 503).

16. If it appears that the Liquidators have not correctly performed any of their duties (as discussed above), or if any person makes a complaint in respect to the conduct of the Liquidators in connection with the performance of their duties, ASIC or the Court may enquire into the Liquidators' actions (Corporations Act, § 536).

17. The Liquidators, or any member or creditor, may also apply to the Court to determine any question arising in the winding up or to exercise all or any of the powers of that the Court might exercise if the Debtor were being wound up by the Court (Corporations Act, § 511).

18. Further, any person aggrieved by any act, omission or decision of the Liquidators, may appeal to the Court, which can confirm, reverse or modify any act or decision, or remedy the omission (Corporations Act, § 1321).

### E. Procedure for Proof of Debt

19. A liquidator may advertise, in a daily newspaper generally circulated in each relevant Australian State or Territory, a day at least 14 days after notice is advertised on which a creditor may submit particulars of his or her debt or claim (a "Proof of Debt"): reg 5.6.39, *Corporations Regulations 2001* (the "Corporations Regulations"), a piece of subordinate legislation of the Federal Parliament of Australia.

20. The duty of a liquidator is not to merely advertise for creditors, but to also write to creditors of whose existence they know, and who do not send in claims, and ask if they have any claim (*Harry Goudias Pty Ltd v Port Adelaide Freezers Pty Ltd* (1992) 7 ACSR 303).

-6-

DECLARATION OF GLENN DAVIS

21.     A liquidator is required to admit, reject or require further evidence in support of a proof of debt within 28 days of receiving a written request from a creditor to do so, or such longer period allowed by ASIC (reg 5.6.53, Corporations Regulations).  If no determination is made within the requisite time frame, the creditor is entitled to apply to the Court for it to deal with the Proof of Debt (reg 5.6.53(2)).

22.     A liquidator who rejects a Proof of Debt must, within seven days of rejection, notify the creditor of the ground(s) for this rejection and inform the creditor that an appeal to the Court may be made within 14 days or receiving the grounds for rejection (reg 5.6.56).

23.     The creditor may then appeal to the Court under Corporations Act § 1321 (discussed herein at ¶ 18).  Such an appeal to the Court is a rehearing *de novo* and, therefore, either party is entitled to adduce fresh evidence.

24.     In making a decision on a Proof of Debt, a liquidator is said to act in a quasi-judicial capacity (*Tanning Research Laboratories Incorporated v O'Brien* (1990) 169 CLR 332; *Re Chevron Furnishers Pty Ltd (in liq), Qld Amalgamated Industries Pty Ltd v Harris* (1993) 12 ACSR 565).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June  6 , 2011, at Adelaide, Australia.

                                              [signature on next page]
                                              Glenn Davis

DECLARATION OF GLENN DAVIS

21.   A liquidator is required to admit, reject or require further evidence in support of a proof of debt within 28 days of receiving a written request from a creditor to do so, or such longer period allowed by ASIC (reg 5.6.53, Corporations Regulations). If no determination is made within the requisite time frame, the creditor is entitled to apply to the Court for it to deal with the Proof of Debt (reg 5.6.53(2)).

22.   A liquidator who rejects a Proof of Debt must, within seven days of rejection, notify the creditor of the ground(s) for this rejection and inform the creditor that an appeal to the Court may be made within 14 days or receiving the grounds for rejection (reg 5.6.56).

23.   The creditor may then appeal to the Court under Corporations Act § 1321 (discussed herein at ¶ 18). Such an appeal to the Court is a rehearing *de novo* and, therefore, either party is entitled to adduce fresh evidence.

24.   In making a decision on a Proof of Debt, a liquidator is said to act in a quasi-judicial capacity (*Tanning Research Laboratories Incorporated v O'Brien* (1990) 169 CLR 332; *Re Chevron Furnishers Pty Ltd (in liq), Qld Amalgamated Industries Pty Ltd v Harris* (1993) 12 ACSR 565).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 6, 2011, at Adelaide, Australia.

_____
Glenn Davis

-7-

DECLARATION OF GLENN DAVIS