James S. Monroe (SBN 102328)
MONROE LAW GROUP
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 869-1575
Facsimile: (415) 723-7423
Email: jim@monroe-law.com

Attorneys for JOHN SHEAHAN AND IAN RUSSELL LOCK,
as Joint and Several Liquidators of
AVASTRA SLEEP CENTRES LIMITED (A.C.N. 094 446 803) (In Liquidation)

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>AVASTRA SLEEP CENTRES LIMITED (A.C.N. 094 446 803) (In Liquidation),<br><br>Debtor in a Foreign Proceeding. | Case No. 11-18194<br><br>Chapter 15<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF (1) VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDING UNDER CHAPTER 15 AND (2) MOTION FOR ENTRY OF ORDER GRANTING RECOGNITION OF AUSTRALIAN PROCEEDING UNDER 11 U.S.C. § 1517 AS A FOREIGN MAIN PROCEEDING**<br><br>Date:    August 23, 2011<br>Time:    10:30 a.m.<br>Place:    411 West Fourth Street<br>           Suite 5041 / Courtroom 5A<br>           Santa Ana, CA 92701<br>Judge:   Hon. Erithe A. Smith |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CHAPTER 15 PETITION                    1

John Sheahan and Ian Russell Lock, in their capacity as joint and several liquidators ("Liquidators" or "Petitioners") and as duly authorized foreign representatives[1] of Avastra Sleep Centres Limited (in liquidation) (the "Debtor"), the above-captioned debtor in a foreign proceeding, by their United States counsel, hereby file this memorandum in support of their petition for recognition of the Debtor's Australian liquidation proceeding (the "Australian Proceeding") under Chapter 15 of the Bankruptcy Code (the "Verified Petition"), and represent as follows:

## I. PRELIMINARY STATEMENT

Chapter 15 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*) (the "Bankruptcy Code") authorizes this Court to recognize a "foreign main proceeding" or a "foreign nonmain proceeding" upon the proper commencement of a Chapter 15 case under Bankruptcy Code sections 1504, 1515, and 1517 by a foreign representative.  For the reasons set forth herein, the Liquidators have satisfied all the statutory requirements of section 1517.  Accordingly, the Liquidators request that this Court enter an order recognizing the Australian Proceeding as a foreign main proceeding under Chapter 15.

## II. BACKGROUND

The Liquidators respectfully refer the Court to the Verified Petition (including the exhibits thereto), and the Declarations of Liquidator John Sheahan and Glenn Davis, Esq. filed contemporaneously with this Memorandum of Law, which set forth the relevant facts and are fully incorporated herein by reference.[2] Following is a summary of these background facts in support of the MOTION FOR ENTRY OF ORDER GRANTING RECOGNITION OF AUSTRALIAN PROCEEDING UNDER 11 U.S.C. § 1517 AS A FOREIGN MAIN PROCEEDING WITHIN THE MEANING OF 11 U.S.C. § 1502:

1. On September 4, 2009, the Liquidators were appointed as joint and several liquidators of the Debtor pursuant to sections 439C(c) and 446A of the *Corporations Act* 2001 (the

---

[1] As that term is defined in 11 U.S.C. § 101(24).

[2] Capitalized terms not otherwise defined herein, shall have the meaning ascribed to them in the Sheahan and Davis Declarations.

"Corporations Act"), an Act of the Federal Parliament of Australia. A true and correct certified copy of Form 505 evidencing their appointment as liquidators and filed with the Australian Securities and Investments Commission on September 8, 2009, is attached to the Verified Petition as **Exhibit D**.

2. The Supreme Court of Victoria or the Federal Court of Australia (the "Australian Courts") are the judicial bodies in Australia that have supervisory authority over the Debtor's liquidation proceeding in Australia.

3. The Debtor is a corporation organized and existing under the Corporations Act and was registered as an Australian Public Company on September 12, 2000. It is identified by its Australian Company Number (A.C.N.) 094 446 803. A true and correct copy of the Debtor's Certificate of Registration with ASIC is attached to the Verified Petition as **Exhibit A**. The Debtor's registered office with the ASIC is situated at Level 8, 26 Flinders Street Adelaide, South Australia, 5000, given that its assets have been sold and it has no on-going operations apart from liquidation.

4. The Debtor was engaged in the business of healthcare services and owned and operated sleep diagnostic centers, and had its main business operations at Brisbane, Australia.

5. The Debtor does not have a place of business or assets in the United States and does not have any known unsecured or secured creditors in the United States

6. In accordance with a resolution of the directors of the Debtor on August 3, 2009, the Liquidators were appointed to be the Debtor's joint and several Administrators pursuant to the provisions of Part 5.3A, section 436A of the Corporations Act. A true and correct certified copy of the Instrument of Appointment of Administrators for the Debtor, dated August 3, 2009, is attached to the Verified Petition as **Exhibit B**.

7. By resolution at a duly convened meeting of creditors of the Debtor, held on September 4, 2009 in Sydney, Australia and concurrently in Irvine, California on September 3, 2009, the Liquidators were appointed as joint and several liquidators of the Debtor, as set forth in paragraph 1 above and pursuant to Parts 5.3A and 5.5 of the Corporations Act. A true and correct certified copy of the minutes of the meeting of creditors at which the Liquidators were appointed as Joint and Several Liquidators of the Debtor, is attached to the Verified Petition as **Exhibit C**.

8. Since the appointment of Liquidators as joint and several liquidators of the Debtor, the Liquidators have administered the property and affairs of the Debtor for the benefit of its creditors and owners. The Declaration of Glenn Davis (the "Davis Declaration"), one of the Liquidators' Australian solicitors, filed contemporaneously with the Verified Petition, sets out in detail the duties and powers of a liquidator under Australian law.

9. Attached as **Exhibit C** to the Declaration of John Sheahan (the "Sheahan Declaration"), filed contemporaneously with the Verified Petition, is a list containing the names and addresses of the Debtor's 20 largest unsecured creditors in the Australian liquidation proceeding as presently known by the Liquidators. At this time, there are no known secured creditors of the Debtor.

10. Here, relief under chapter 15 of the Bankruptcy Code is necessary and appropriate to assist the Liquidators to obtain documents and information in the United States from individuals and entities in the Irvine, California area and otherwise in this judicial district to carry out their responsibilities as Liquidators.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is properly located in this District pursuant to 28 U.S.C. § 1410(3).

### IV. ARGUMENT

The Liquidators have met all of the requirements of section 1517 of the Bankruptcy Code. Accordingly, consistent with the mandatory language of section 1517(a), an order recognizing such proceeding "shall be entered." Specifically, (1) the Australian Proceeding constitutes a "foreign proceeding" as defined in section 101(23); (2) the Australian Proceeding is pending in Australia, the center of the Debtor's main interests; (3) the Liquidators are persons who are foreign representatives applying for recognition; and (4) the Liquidators have satisfied the procedural requirements of section 1515. In addition, the recognition of the Australian Proceeding will achieve the stated purpose and intent of Chapter 15, by facilitating the cooperation between this Court and the Australian Proceeding.

**1.   The Liquidators Have Met the Requirements of Section 1517**

**A.   The Case Concerns a "Foreign Proceeding"**

Section 101(23) defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

The Debtor's pending Australian Proceeding qualifies as a foreign proceeding under section 101(23). The Australian Proceeding is a collective proceeding as it is for the benefit of the creditor body as a whole, rather than for the benefit of a particular creditor.[3] Second, the Australian Proceeding has an administrative character because the proceeding and conduct of the Liquidators are governed by the Corporations Act. *See* Corporations Act, 2001 (Austrl.) (the "Corporations Act"), c.5, § 439C(c) ("the creditors may resolve . . . that the company be wound up").[4] Third, the Australian Proceeding is currently pending in Australia. Fourth, the Australian Proceeding is being conducted under laws relating to the insolvency of the Debtor. *See* Corporations Act, 2001, c. 5, §§ 410-600G. Finally, the Debtor's affairs are subject to supervision by a foreign court for the purpose of the reorganization or liquidation.

Courts in this Circuit, and others, have recognized that similar types of Australian proceedings qualify as "foreign proceedings." *See, e.g. In re GMC Worldwide Pty Ltd.*, Case No.: 09-04679, Dkt. No. 29 (Bankr. S.D. Cal. May 12, 2009); *In re ABC Learning Centres Ltd.*, 2010 Bankr. LEXIS 4091

---

[3]   A "collective" proceeding as used in § 101(23) is one that considers the rights and obligations of all creditors and not one merely for the benefit of a single creditor. *See In re Betcorp*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009). A liquidation is "a procedure of an inherently collective nature" because, once initiated, "[t]he procedure is compulsory, in order to ensure that there is an orderly, cooperative system. The result is that any attempt by a creditor to undermine the collective nature of liquidation is outlawed." *Id.* (quoting Australian treatise M. Gronow, MCPHERSON'S LAW OF COMPANY LIQUIDATION ¶1.20, at 1-51 (5th ed. 2006)).

[4]   See Fed. R. Bankr. P. 9017; Fed. R. Civ. P. 44.1 ("In determining foreign law, the Court may consider any relevant material or source."); Corporations Act, 2001, c. 5, §§ 410-600G (Austrl.), *available at* http://www.comlaw.gov.au/ (click "Compilations – Current" under "Acts"; click "Co" under "Browse Act Compilations"; click "Corporations Act (2001)").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHAPTER 15 PETITION      -5-

(Bankr. D. Del. Nov. 16, 2010); *In re Betcorp Ltd.,* 400 B.R. 266 (Bankr. D. Nev. 2009).[5]

Accordingly, the Australian Proceeding satisfies all the requirements of section 101(23).

### B.    The Case Was Commenced by Foreign Representatives

Section 101(24) of the Bankruptcy Code provides:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

Pursuant to the applicable resolutions, and following their appointment as Administrators by the directors of the Debtor, Messrs. Lock and Sheahan were appointed by creditors of the Debtor to act as its duly authorized liquidators under Australian law. Pursuant to Part 5.3 of the Australian Corporations Act, the Liquidators are responsible for the administration of the Debtor's assets and affairs. Accordingly, the Liquidators are foreign representatives pursuant to the meaning set forth under section 101(24), and they commenced this Chapter 15 case in such capacities.

### C.    The Verified Petition Meets the Requirements of Section 1515

The Verified Petition meets the requirements set forth in section 1515 of the Bankruptcy Code. The Verified Petition is accompanied by (1) a certified copy of the minutes of the creditors meeting commencing the Australian Proceeding and appointing the Liquidators; and (2) a certified copy of the ASIC Form 505 confirming the existence of the Australian Proceeding and the appointment of the Liquidators. 11 U.S.C. § 1515(b)(1) and (2). In addition, the Verified Petition is accompanied by a sworn statement pursuant to Rule 1007 identifying all the foreign proceedings with respect to the Debtor that are known by the Liquidators. 11 U.S.C. § 1515(c). The referenced

---

[5] In addition, prior to the enactment of Chapter 15, Australian insolvency proceedings were found by the Second Circuit to be entitled to comity. *See Vesta Fire Ins. Corp. v. New Cap Reins. Corp., Ltd.*, 244 B.R. 209, 215 (S.D.N.Y. Feb 7, 2000) (citing *Allstate Life Ins. v. Linter Group, Ltd.*, 994 F.2d 996, 999-1000 (2d Cir. 1993) (holding that the Australian insolvency proceedings warranted comity because they generally comport with fundamental standards of procedural fairness)). Courts also repeatedly have found the bankruptcy proceedings of other nations with common law and statutory legal regimes fundamentally similar to that of the United States to be entitled to similar deference. *See id.* (citing *In re Ionica PLC*, 241 B.R. 829, 835 (Bankr. S.D.N.Y. 1999) (British insolvency proceedings warranted comity)).

documents were each originally created in English, and thus no translation is necessary. Accordingly, the Verified Petition complies with each of the requirements set forth in section 1515.

**D.      Recognition of the Australian Proceeding Achieves the Purpose of Chapter 15**

Section 1506 provides that an order recognizing a foreign proceeding can be denied if such order would be manifestly contrary to the public policy of the United States. 11 U.S.C. § 1506. Section 1506 is, however, inapplicable to the current proceeding. In fact, the recognition of the Australian Proceeding will only further the stated public policy goals of the United States.

Chapter 15 explicitly provides, in relevant part, that:

> The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of—
>
> (1) cooperation between—
>
> > (A) courts of the United States, United States trustees, trustees, examiners, debtors, and debtors in possession; and
> >
> > (B) the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;
>
> . . .
>
> (3) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor;
>
> (4) protection and maximization of the value of the debtor's assets . . .

11 U.S.C. § 1501(a).

The recognition of the Australian Proceeding achieves each of these objectives. Entry of an order recognizing the Australian Proceeding will facilitate (a) the Liquidators to obtain documents and information in the United States from individuals and entities in the Irvine, California area and otherwise in this judicial district to carry out their responsibilities as Liquidators, (b) the cooperation between the U.S. and the Australian courts, (c) the fair and efficient administration of the Australian Proceeding and related Chapter 15 case now pending before this Court, and (d) the protection and maximization of the Debtor's assets by providing a proper forum to resolve any issues that relate to discovery taken in the United States, or that otherwise arise under U.S. law.

It should be noted that Australia has adopted the Model Law on Cross-Border Insolvency promulgated by the United Nations Commission on International Trade Law (the "Model Law") on which Chapter 15 was based. Accordingly, Australia and its courts also wish to achieve the same stated objectives. Therefore, the recognition of the Australian Proceeding achieves the purposes of Chapter 15.

**2.    The Australian Proceeding is a Foreign Main Proceeding**

Chapter 15 provides that a court shall enter an order recognizing a foreign proceeding as a "foreign main proceeding" if it is a proceeding "pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). Absent evidence to the contrary, the location of the debtor's registered office is presumed to be the center of the debtor's main interests. 11 U.S.C. § 1516(c); *see also In re Artinum, S.r.L.*, 335 B.R. 149, 159 (Bankr. C.D. Cal. 2005). Here, the Debtor is an Australian corporate entity, its main business operations were in Brisbane, Australia, and its registered office is in Australia. Accordingly, because the Australian Proceeding is being in conducted in Australia, the center of the Debtor's main interests, such proceeding should be recognized as a foreign main proceeding.

### V.    CONCLUSION

WHEREFORE, the Liquidators respectfully request that this Court: (i) recognize the Australian Proceeding as a foreign main proceeding under Chapter 15 of the Bankruptcy Code; (ii) grant the relief requested in the Verified Petition; and (iii) grant such other and further relief as is just and proper.

DATED: June 14, 2011                                MONROE LAW GROUP

                                                    By:    */s/ James S. Monroe*
                                                           James S. Monroe

                                                    Attorneys for Petitioners JOHN SHEAHAN and
                                                    IAN LOCK, as Joint and Several Liquidators of
                                                    AVASTRA SLEEP CENTRES LIMITED

MEMORANDUM OF POINTS AND AUTHORITIES IN                -8-
SUPPORT OF CHAPTER 15 PETITION

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as **Memorandum of Points and Authorities in Support of (1) Verified Petition for Recognition of Foreign Proceeding under Chapter 15 & (2) Motion for Entry of Order Granting Recognition of Australian Proceeding Under 11 U.S.C. § 1517 as a Foreign Main Proceeding** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 14, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**United States Trustee (SA)**  
**ustpregion16.sa.ecf@usdoj.gov**

**Nancy S. Goldenberg**  
**Nancy.goldenberg@usdoj.gov**

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **June 14, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Hon. Erithe A. Smith, United States Bankruptcy Court, 411 West Fourth Street, Suite 5041 / Courtroom 5A, Santa Ana, CA 92701 (Via Express Mail)**

**Nancy S. Goldenberg, Office of the U.S. Trustee, 411 West Fourth Street, Suite 9041, Santa Ana, CA 92701 (Via First Class Mail)**

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 14, 2011 | James S. Monroe | */s/ James S. Monroe* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                              **F 9013-3.1.PROOF.SERVICE**